## SCHWARZCHILD & SULZBERGER CO. v. RUCKER, Collector.

(Circuit Court, N. D. Georgia.    January 30, 1906.)

No. 1,914.

1. INTERNAL REVENUE—SUIT TO RECOVER TAX PAID—LIMITATION.
　　Under the provisions of Rev. St. §§ 3226, 3227 [U. S. Comp. St. 1901, pp. 2088, 2089], that no suit shall be maintained for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected until appeal shall have been duly made to the Commissioner of Internal Revenue and his decision has been had therein, provided that, if such decision is delayed more than six months, suit may be brought without waiting therefor "at any time within the period limited," which is fixed by section 3227 at two years next after the cause of action accrued, where the Commissioner's decision is not made within the six months the cause of action then accrues, and the suit is barred in two years from that time.

2. SAME—CONDITION PRECEDENT—APPEAL TO COMMISSIONER.
　　Under the provision of Rev. St. § 3226 [U. S. Comp. St. 1901, p. 2088], that no suit shall be brought for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected "until appeal shall have been duly made to the Commissioner of Internal Revenue * * * and a decision of the Commissioner has been had therein," where an appeal for a rebate of the tax, taken after its assessment, but before its payment, in accordance with the regulations of the department, has been adversely decided by the Commissioner on the merits, a second appeal after payment of the tax is not required before bringing suit.

On Demurrer to Declaration.

Mayson & Hill, for plaintiff.

F. C. Tate, U. S. Atty., and J. A. Henley, Asst. U. S. Atty., for defendant.

NEWMAN, District Judge. This is a suit brought to recover taxes claimed to have been illegally assessed and collected of the plaintiffs as dealers in oleomargarine. The case is now heard on demurrer on the ground that the action is barred by the statute of limitations. The suit is for three items—one item collected from the plaintiffs as dealers in oleomargarine in Atlanta, Ga.; one at Savannah, Ga., and one at Macon, Ga. The petition shows that in June, 1901, a tax was assessed upon plaintiffs as wholesale dealers in oleomargarine at Atlanta, total tax and penalty, $540, and that an

application was made to the Commissioner of Internal Revenue on form No. 47 for an abatement of the tax, which application for abatement was rejected on the 17th day of August, 1901. Afterwards, on January 25, 1902, the collector demanded payment of the assessment, and the same was paid, under protest and to prevent the seizure of property, by plaintiffs. Afterwards, on March 18, 1902, plaintiffs filed with the Commissioner, on form No. 46, an application for a refunding of this tax, which application was rejected October 9, 1903. This suit was filed in the office of the clerk of the superior court of Fulton county on December 28, 1904, having been afterwards, on the application of Rucker, collector, removed to this court.

In June, 1901, an assessment of the same character was made against plaintiffs as dealers in oleomargarine at Savannah, Ga.; the amount, embracing the special tax and penalty, being $540. On August 17, 1901, application was made to the Commissioner of Internal Revenue on form No. 47 for an abatement of said assessment. Afterwards, on January 28, 1902, payment was demanded by the collector of the amount of said assessment, and the same was paid, under protest and to prevent the seizure of its property. Afterwards on March 18, 1902, petitioners filed on form 46 an application with the Commissioner to refund the tax, which application was rejected on October 9, 1903.

As to these two items the question raised by this demurrer is as to when the cause of action accrued. The language of section 3226, Rev. St. [U. S. Comp. St. 1901, p. 2088], is as follows:

"No suit shall be maintained in any court for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until appeal shall have been duly made to the Commissioner of Internal Revenue, according to the provision of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof, and a decision of the Commissioner has been had therein: Provided, that if such decision is delayed more than six months, from the date of such appeal, then the said suit may be brought, without first having a decision of the Commissioner at any time within the period limited in the next section."

The next section here referred to is section 3227 [U. S. Comp. St. 1901, p. 2089], so much of which as is material here reads as follows:

"No suit or proceeding for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority or of any sum alleged to have been excessive or in any manner wrongfully collected, shall be maintained in any court, unless the same is brought within two years next after the cause of action accrued."

It will be perceived from this that the plaintiff had a right to sue in six months after the appeal was taken to the Commissioner, which was six months after March 18, 1902, as to both of these items; that is, September 18, 1902. It seems to me perfectly clear from the two sections of the Revised Statutes referred to, and which seem to be controlling here, that the plaintiffs' cause of action accrued six months after the appeal was taken to the Commissioner of Internal Revenue. The language is:

143 F.—42

"That if such decision is delayed more than six months from the date of such appeal, then the said suit may be brought, without first having a decision of the Commissioner at any time within the period limited in the next section."

The very language which fixes the right to sue within six months, if the Commissioner shall fail to act within that time, refers also to the limitation period, and it is evident that the cause of action accrued after the expiration of six months from the time of entering the appeal. I think this is about as clear as anything can be.

The other item in this suit is for $996 taxes claimed by the collector, and paid by plaintiffs as wholesale dealers in oleomargarine at Macon, Ga. The tax was paid on December 29, 1903, and suit was brought, as has been stated, on December 28, 1904. In the meantime, and between the time the tax was assessed and its payment, application was made to the Commissioner of Internal Revenue for an abatement of the tax, and this was refused on October 10, 1903. The question made on demurrer to this item is whether it is necessary, when there has been an application to the Commissioner of Internal Revenue for an abatement of the tax after it is assessed and before it is paid, to appeal after the payment of the tax for its refunding. The plaintiffs propose to amend the declaration and to allege that on the application for an abatement of the tax assessed against them at Macon the Commissioner considered the matter on its merits and determined that the tax was properly assessed and should be paid.

Plaintiffs claim that, this being true—that is, the correctness of the tax having been considered on its merits by the Commissioner on the application for abatement—there was no necessity for an application subsequently to refund. I am inclined to think this contention is sound. While the pleadings do not show it, nor do I find the statute to be clear about it, even if there are rules and regulations made by the Commissioner of Internal Revenue which authorize the application for an abatement of the tax claimed to have been wrongfully assessed before it is paid, and also for an appeal to the Commissioner for a refund of the taxes after payment, as seems to be assumed in argument, it seems to me that either would be sufficient. If the Commissioner considers the matter on its merits on an application for an abatement of tax before payment, and decides that the tax has been properly assessed and should be collected, there could hardly be any necessity for appealing to him to refund it. After a full investigation he has just held that it was legally assessed and directed that it should be paid. In San Francisco, etc., Society v. Cary, 2 Sawy. 333, Fed. Cas. No. 12,317, Circuit Judge Sawyer ruled as follows:

"The first point made by the defendant is that the suit was prematurely commenced, on the ground that an appeal must be taken to the Commissioner after payment before suit brought. Act July 13, 1866, c. 184, 14 Stat. 152, § 19, and regulations prescribed by the Secretary of the Treasury. But an appeal was taken from the assessment before payment, and decided against plaintiff. This I think sufficient. There could be no object in appealing a second time to the same officer in the same case and upon precisely the same question. The Commissioner had already decided the identical question, and the object of the law was accomplished in the first appeal."

The conclusion is that the demurrer to the declaration will be sustained so far as the suit seeks to recover the amounts paid at Atlanta and Savannah, and overruled as to the amount paid at Macon; and an order may be taken to that effect.