WEAVER, Collector of Internal Revenue, v. EWERS.

(Circuit Court of Appeals, Eighth Circuit. February 29, 1912.)

No. 3,639.

1. INTERNAL REVENUE (§ 38*) ILLEGAL TAX—RECOVERY—CONDITIONS—APPEAL TO COMMISSIONER—STATUTES.

Rev. St. § 3226 (U. S. Comp. St. 1901, p. 2088), providing that no suit shall be maintained to recover any internal tax alleged to have been erroneously or illegally assessed or collected until an appeal shall have been taken to the Commissioner of Internal Revenue, and a decision of the Commissioner had therein, is applicable to the collection and enforcement of the specific tax imposed on oleomargarine by Act Aug. 2, 1886, c. 840, 24 Stat. 209 (U. S. Comp. St. 1901, p. 2228).

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 83, 84; Dec. Dig. § 38.*]

2. INTERNAL REVENUE (§ 38*)—TAX—ILLEGAL ASSESSMENT—REVIEW BY COMMISSIONER.

Where, after the assessment of an alleged illegal oleomargarine tax, an application was made to the Commissioner of Internal Revenue for review, and the Commissioner overruled the application and refused to abate the tax, plaintiff was not bound, after paying the tax, to again appeal to the Commissioner, as provided by Rev. St. § 3226 (U. S. Comp. St. 1901, p. 2088), as a condition precedent to his right to sue the collector to recover the amount so paid; the application to abate the assessment fulfilling every purpose of such an appeal.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 83, 84; Dec. Dig. § 38.*]

3. INTERNAL REVENUE (§ 16*)—OLEOMARGARINE DEALERS—TAXATION—"WHOLESALE DEALER."

Plaintiff and his brother were both retail dealers in oleomargarine, and had paid the tax for the first six months of 1910. During that time, a wholesale shipment ordered by plaintiff not having arrived, he borrowed an unbroken package of the same material from his brother, which the latter had obtained from the same wholesale dealer from whom plaintiff's supply had been ordered, and on arrival of plaintiff's order the precise amount borrowed of the same product and brand was returned. Held, that such transaction did not constitute plaintiff a "wholesale dealer" in oleomargarine, nor subject him to a tax imposed on wholesalers.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 16.*

For other definitions, see Words and Phrases, vol. 8, pp. 7450, 7451.]

In Error to the Circuit Court of the United States for the Southern District of Iowa.

Action by Frank Ewers against H. O. Weaver, Collector of Internal Revenue. Judgment for plaintiff (182 Fed. 713), and defendant brings error. Affirmed.

Marcellus L. Temple, U. S. Atty., and George B. Stewart, Asst. U. S. Atty., for plaintiff in error.

W. J. Roberts, for defendant in error.

Before SANBORN, ADAMS, and CARLAND, Circuit Judges.

CARLAND, Circuit Judge. On October 1, 1910, Ewers commenced an action in the United States Circuit Court for the Southern District of Iowa, Eastern Division, to recover from Weaver, as col-

lector of internal revenue, the sum of $106 paid to him under protest as a tax and penalty assessed against Ewers as a wholesale dealer in oleomargarine. Ewers stated his cause of action as follows:

"In and during January, 1910, plaintiff was engaged in business as a retail dealer in meats and packing house products, including oleomargarine, in the city of Keokuk, Lee county, Iowa. For the period beginning with January 1, 1910, and ending with June 30, 1910, he had paid the taxes provided by law to be paid by retail dealers in oleomargarine.

"Between on or about the 6th day and the 15th day of January, 1910, being temporarily out of the product by reason of delay in shipment of an order for same given to Swift & Co., plaintiff borrowed from one A. P. J. Ewers, a licensed retail dealer therein, an unbroken original manufacturer's package of oleomargarine, which in his own place of business he broke and sold, as he was authorized to do. Subsequently to the said borrowing on or about the 15th day of January, 1910, having received the shipment of the product ordered previous to the said borrowing, he returned to said A. P. J. Ewers an unbroken original manufacturer's package of oleomargarine, exactly similar to the one borrowed, which was the product manufactured and sold by Swift & Co. from whom plaintiff received the package returned as aforesaid. Plaintiff paid the said A. P. J. Ewers no price in money or other thing of value for the package aforesaid borrowed, and plaintiff received from the said A. P. J. Ewers no price in money or other thing of value for the package aforesaid returned.

"The said A. P. J. Ewers is a full brother of the plaintiff, and is and was at the time herein a retail dealer in meats and packing house products, including oleomargarine, and he had paid for the period beginning January 1, 1910, and ending with June 30, 1910, the tax required by law to be paid by retail dealers in oleomargarine.

"During the period aforesaid, between January 1, 1910, and June 30, 1910, plaintiff in no wise disposed of, by sale or otherwise, an unbroken original manufacturer's package of oleomargarine, save and except the one such package returned to his brother, A. P. J. Ewers, as aforesaid. All oleomargarine sold by plaintiff during the period aforesaid was sold by him at retail.

"During the month of February, 1910, the Honorable Commissioner of Internal Revenue, based upon the transaction aforesaid, assessed against the plaintiff a special tax as a wholesale dealer in oleomargarine in the sum of $100, and certified or sent the assessment to the defendant for collection from plaintiff.

"On or about the 9th day of April, 1910, plaintiff presented to the Honorable Commissioner of Internal Revenue an application in writing for a review of the aforesaid assessment and the abatement of the said tax. [Here follows copy of application.]

"On or about April 18, 1910, the Honorable Commissioner of Internal Revenue overruled the said application, and refused to abate the aforesaid tax, and directed the defendant to collect from plaintiff the said tax, together with a penalty of $6.

"On or about the 19th day of April, 1910, defendant, by his deputy, John A. O'Neil, appeared at plaintiff's place of business in the city of Keokuk, and by virtue of his office and the aforesaid action on the part of the Honorable Commissioner of Internal Revenue demanded of plaintiff the sum of $106.

"In response to said demand, but under protest that the assessment and tax and penalty were illegal and unwarranted by law, and to the end that this suit might be filed to cover back the said sum, plaintiff paid the defendant the sum of $106.

"Plaintiff avers that the tax assessed against him as aforesaid and the penalty aforesaid were illegal and unwarranted by any law of the United States of America.

"Wherefore he demands judgment against the defendant for the sum of $106, together with interest from the 19th day of April, 1910, and the costs of this suit."

To this petition Weaver, as collector, interposed the following demurrer:

I. "Now comes the defendant and demurs to the petition of the plaintiff herein, on the ground that the facts stated do not entitle the plaintiff to the relief demanded, for the reason that it does not appear on the face of the said petition that plaintiff made an appeal from the assessment of the tax complained of to the Commissioner of Internal Revenue according to the provisions of law in that regard and the regulations of the Secretary of the Treasury established in accordance therewith."

II. "That it does not appear on the face of the said petition that a decision of the Commissioner has been had upon an appeal taken to him upon the assessment of taxes."

III. "The petition does not show that the plaintiff filed a claim for the abatement of the taxes assessed against him as required by section 3226 of the Revised Statutes of the United States."

IV. "Because it appears on the face of the petition that the plaintiff was a wholesale dealer in oleomargarine and liable to taxation."

The demurrer to the petition came on for hearing before the Circuit Court, and was overruled. Weaver excepted to the ruling, elected not to plead further, and final judgment was rendered against him as collector for the sum of $106, with 6 per cent. interest from the 19th day of April, 1910, and the costs of the suit.

[1] Since the decision on January 9, 1912, of the case of United States v. Barnes et al., 222 U. S. 513, 32 Sup. Ct. 117, 56 L. Ed. ——, by the Supreme Court of the United States, it must be held that section 3226, Revised Statutes of the United States, is applicable to the collection and enforcement of the specific tax imposed on oleomargarine by Act Aug. 2, 1886, c. 840, 24 Stat. 209 (U. S. Comp. St. 1901, p. 2228).

[2] Notwithstanding, however, the provision of section 3226 above mentioned, that no suit shall be maintained in any court for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority, or any sum alleged to have been excessive or in any manner wrongfully collected, until an appeal shall have been duly made to the Commissioner of Internal Revenue according to the provisions of the law in that regard and the regulations of the Secretary of the Treasury established in pursuance thereof, and a decision of the Commissioner has been had therein, we are of the opinion that, as the law does not require idle acts, the first ground of demurrer must be overruled, as the purpose and requirement of the statute above quoted has been fully met by the application for review of the assessment made to the Commissioner of Internal Revenue as set out in the petition. What the Commissioner of Internal Revenue thought about the assessment had been obtained upon full statement of the facts, and it would have been a useless form again, after the tax was paid, to appeal to the Commissioner and obtain the same judgment. The reason for the appeal did not exist, and hence the appeal after tax was paid was not necessary. San Francisco Savings & Loan Society v. Cary, 21 Fed. Cas. 380, No. 12,317; Grier v. Tucker (C. C.) 150 Fed. 658; Tucker v. Grier, 160 Fed. 611, 87 C. C. A. 513.

[3] This view also disposes of the second and third grounds of

demurrer. So far as the fourth ground is concerned, we fully concur in the ruling of the trial court to the effect that the facts stated in the petition did not constitute Ewers a wholesale dealer in oleomargarine. Ewers and his brother were licensed retail dealers for the sale of oleomargarine, and each had paid the tax required by law for the first six months of the year 1910. Ewers simply borrowed a package of oleomargarine from his brother, his supply being exhausted, and returned the same when he received a shipment from Swift & Co.

There is an entire absence of anything suggesting want of good faith. The whole matter seems to have been an honest transaction. To hold that the facts stated constitute Ewers a wholesale dealer in oleomargarine, and subjected him to payment of the special tax, is to belittle the object and purpose of the oleomargarine law.

Judgment affirmed.