Campbell, Chief Justice,
delivered the opinion of the court:
Suit is brought to recover certain taxes assessed and paid under the provisions of section 27 of the war revenue act of 1898. The claim is that by reason of the character of claimant’s business the taxes were wrongfully or unlawfully collected and should be repaid.
There was assessed against claimant upon the August list, 1900, for the months of April and May of that year by the proper internal-revenue collector upon its gross receipts in excess of $250,000 the sum of $50.93, which, together with the added penalty and interest of $18.85, or a total of $69.78, was paid on August 1, 1903, under protest to the collector. There were also assessments against claimant by the assessment lists during 1901 and up to and including June, 1902, and payments thereof made in the aggregate sum of $2,299.04. xhe times of the several payments by claimant, other than the payment first mentioned above, are not shown by the evidence.
The claimant having paid on August 1, 1903, said sum of $69.78 (tax penalty and interest), filed its application with the Commissioner of Internal Revenue, praying that the same be refunded. This application was filed August 28, 1903, and was disallowed by the commissioner on November 10, 1905. Something more than a year thereafter (November 20, 1906) claimant filed a second application with the commissioner, wherein is set forth a number of payments of taxes paid by claimant, amounting, as therein stated, to $1,813.81, and its former application, which had been disallowed as aforesaid, is referred to and made “ a part of this application.”
The claimant thereupon “makes application for the reopening of its said claims” and prays that said sum of $1,813.81 be repaid to it.
The commissioner’s action upon this second application was on May 22, 1907, when he allowed the claim to the extent of $69.78, being the amount named in the first applica *233 tion, and denied the balance upon the ground that the application was not made within the time prescribed by section 3228, Revised Statutes.
The war revenue act of 1898 in large measure, and particularly section 27 thereof, was repealed by the act of April 12, 1902, effective July 1, 1902, 32 Stat. L., 99, more than one year before the alleged date of the payment of the tax penalty and interest upon which the first application to the commissioner was predicated in August, 1903. The method used to collect this tax penalty and interest, $69.78, nearly three years- after its assessment for the months of April and May, 1900, and more than one year after the repeal of the law under which it was assessed is not apparent from the record, but the commissioner found that no application for a refund of the other payments was made in time and it appearing that no penalty or interest was collected upon the assessments made subsequent to that for April and May, 1900, it is to be inferred that all of the payments of the tax (except the $69.78) were made when they respectively became due, which was during 1901 and 1902. But the case is not altered in our view if all the payments were made in August, 1903. Sections 3220 et seq., Revised Statutes, provide a method whereby taxes wrongfully exacted or collected may be refunded or suit brought therefor. Section 3228 provides that claims for refundment of “ any internal-revenue tax alleged to have been erroneously or illegally assessed or collected without authority or of any sum alleged to have been excessive or in any manner wrongfully collected must be presented to the Commissioner of Internal Revenue within two years next after the cause of action accrues.”
Section 3227 provides that no suit shall be maintained "in any court” for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or in any manner wrongfully collected, “unless the same is brought within two years next after the cause of action accrued.”
Section 3226 provides for an appeal to be made to the Commissioner of Internal Revenue, “according to the provisions of law in that regard and the regulations of the *234 Secretary of the Treasury established in pursuance thereof, and a decision of the commissioner has been had therein: Provided, That if such decision is delayed more than six months from the date of such appeal, then the said suit may be brought, without first having a decision of the commissioner, at any time within the period limited,” by section 3227.
As to the nature of the appeal contemplated by section 3226, we refer in this connection to the Chesebrough case, 192 U. S., 253, 263.
The general statute of limitations of actions in this court, sec. 156, Judicial Code, prescribes that á claim is barred unless the petition be-filed “within six years after the claim first accrues.” This statute, fixing a rule applicable to cases generally, is not necessarily inconsistent with the sections of the Kevised Statutes above mentioned, which fix the limitation for a particular class of cases “in any court.” Statutes in pari materia are to be construed together, and repeals by implication are not favored if the acts can reasonably stand together. The Distilled Spirits, 11 Wall., 365; State v. Stoll, 17 Wall., 425, 436; Rodgers’ Case, 36 C. Cls., 266; 185 U. S., 83; Petri v. Creelman Lumber Co., 199 U. S., 487, 497. “The general statute is read as silently excluding from its operation the cases which have been provided for by the special one.” Endlich Inter. Stat., sec. 223. We deem it unnecessary to decide the question as to whether a suit can be brought in this court under the statute applicable to this court or should be brought in the class of cases under consideration against the collector, because, under the view we take, the claimant’s cause of action is barred, even if the court have jurisdiction of such a suit brought in time. We hold that the limitation fixed by section 3227, Revised Statutes, is applicable and not the six-year limitation of section 156, Judicial Code. Christie-Street Com. Co. v. United States, 129 Fed., 506; 136 Fed., 326; Schwarzchild-Sulzberger & Co. v. Rucker, collector, 143 Fed., 656.
The cases of James v. Hicks, 110 U. S., 272, and Stewart v. Barnes, 153 U. S. 456, to which we have been referred by counsel, are not opposed to the view we have taken. In .the first of these cases the cause of action arose prior to the act of *235 June 6, 1872, now sec. 3227, New. Stat., and came within the saving clause of the proviso in section 3227. Similarly, the second of said cases involved taxes paid in 1869 and was within the proviso of said section 3227. If the claimant could wait for a decision by the commissioner upon his application, it yet appears that the first application, filed August 28, 1903, was rejected by the commissioner November 10, 1905, and no action was brought in this court within two years thereafter. A second application was made to the commissioner in November, 1906, to reopen the case, and this second application was in part granted on April, 29, 1907, but this application or the granting of it did not have the effect of suspending the running of the limitation plainly fixed by the statute. The commissioner had rendered his decision, and whether the cause of action accrued at the end of six months from August 28, 1903, as we hold it did, or at the date of the decision by the commissioner, in November, 1905, the action here is not in time.
It follows that the petition should be dismissed, and it is so ordered.