BaRNey, Judge,
delivered the opinion of the court.
The question for decision in this case arises upon the demurrer of the defendants to the plaintiff’s petition.
This suit was brought to recover taxes claimed to have been illegally assessed and collected under the act of June 13, 1898, 30 Stat., 448. The demurrer is on the ground that the suit is barred by the statute of limitations contained in section 3227, Revised Statutes. Hence in the consideration of such demurrer the statute for consideration is the act of July 27, 1912, 37 Stat., 240, which is as follows:
“That all claims for the refunding of any internal tax alleged to have been erroneously or illegally assessed or collected under the provisions of section twenty-nine of the act of Congress approved June thirteen, eighteen hundred and ninety-eight, known as the war-revenue tax, or of any sums alleged to have been excessive, or in any manner wrongfully collected under the provisions of said act may be presented to the Commissioner of Internal Revenue on or before the first day of January, nineteen hundred and fourteen, and not thereafter.
*46 “ Sec. 2. That the Secretáis of the Treasury is hereby authorized and directed to pay, out of any moneys of the United States not otherwise appropriated, to such claimants as have presented or shall hereafter so present their claims and shall establish such erroneous or illegal assessment and collection, any sums paid by them or on their account or in their interest to the United States under the provisions of the act aforesaid.”
This is claimed by the plaintiff to be a remedial statute for the relief of a certain class of persons and is in no way affected by the internal-revenue law or the statute of limitations above mentioned, and we agree with this contention of the plaintiff. The same question involved in this case was before the Supreme Court in United States v. Hvoslef, 237 U. S., 1. That suit was brought in the court below under the said act of July 27, 1912, and an order therein overruling a demurrer to the petition and a judgment for the plaintiff was sustained by the Supreme Court. Mr. Justice Hughes, who delivered the opinion of the court, among other things, said:
“ It thus appears that the act of 1912, upon which the present claim is based, was the culmination of a series of statutes which leave no question as to the intention of Congress to create an obligation on the part of the United States in favor of those holding the described claims, and it follows that these claims must be deemed to be founded upon a ‘ law of Congress’ within the meaning of the provisions of the Tucker Act, now incorporated in the Judicial Code. See Medbury v. United States, 173 U. S., 492, 497; McLean v. United States, 226 U. S., 374, 378. With respect to the refunding of taxes paid on the £ contingent interests ’ described in the act of June 27, 1902, supra, it has been held that upon the rejection of the claim an action lies against the United States in the Court of Claims, or in the District Court (where the amount is within the prescribed limit). Fidelity Trust Co. v. United States, 45 C. Cls., 362; S. C., 222 U. S., 158; United States v. Jones, 236 U. S., 106; Thacher v. United States, 149 Fed. Rep., 902; United Stales v. Shipley, 197 Fed. Rep., 265. And this is true not only where such taxes -were paid before the refunding act was passed, but also where subsequently they were wrongfully collected in violation of its provisions. United States v. Jones, supra. The same rule must obtain as to all claims described in the act of 1912, and in this view we are not concerned in the present case with questions arising under the general provisions of the internal-revenue laws.”
*47 The gist of all the decisions under the law of 1912 is to the effect that it is a remedial statute for a certain class of persons entirely independent of the internal-revenue law, which is only to be referred to for the purpose of identifying such persons as belong to this class.
As was said in substance by Justice Hughes in the Hvoslef case, the act of 1912 created an obligation on the part of the United States in favor of those holding the described claims, and it follows that such claims are founded upon a “ law of Congress” within the meaning of the provisions of the Tucker Act.
This view of the act of 1912 makes it create an obligation entirely independent of the internal-revenue law only as that law gave rise to the obligation. It is in no sense an extension of the remedy under the internal-revenue law to recover for taxes illegally collected and paid. Such remedy is functus oficio and a new remedy is given.
In the Fidelity Trust Co. case, 45 C. Cls., 362, where the identical question in the instant case was involved, the court held that the limitation of time to seek to recover for taxes provided in the internal-revenue law had no application to cases brought under the act of 1912; and while on appeal to the Supreme Court this court was reversed on another ground this question was not mentioned, which being jurisdictional was in effect an affirmance of this court upon that question.
The Fort Pitt Gas Co. case, 49 C. Cls., 224, cited by defendants, indirectly at least agrees with our conclusion in this case, as it is there said:
“ The general statute of limitations of actions in this court, section 156, Judicial Code, prescribes that a claim is barred unless the petition be filed ‘ within six years after claim first accrues.’ This statute, fixing a rule applicable to cases generally, is not inconsistent with the sections of the Revised Statutes above mentioned, which fix the limitation for a particular class of cases ‘in any court.’”
It follows from the foregoing that the demurrer of the defendants be overruled without prejudice, and it is so ordered.
There are some peculiar features of this case as disclosed by the petition which constrain us to make a further order in *48 the matter. Stated in brief it is alleged tbat the plaintiff was illegally taxed as a banker under the act of June 13, 1898, 30 Stat., 448. This makes it important for the court to know just what kind of a businesss the plaintiff was transacting and by what authority, and the court should have such knowledge before exercising its authority as to the taking of testimony under section 1077, Revised Statutes.
It is therefore ordered that within 60 days from the entry of this order the plaintiff file and serve an amended petition herein which shall contain (1) a copy of the entire charter under which the plaintiff was doing business at the time when the several sums were assessed against it for the recovery of which this suit is brought; (2) also a copy of all of the statutes of the State of Indiana relating to the subject of banking and trust companies so far as they relate to a definition of either; and (3) a complete statement of all the evidence presented to the Collector of Internal Bevenue when this case was before him for action.
It is further ordered that no testimony be taken herein until this order is complied with.