DowNey, Judge,
delivered the opinion of the court:
The action is to recover an unrcfunded portion of certain legacy taxes assessed and collected on life estates provided in the will of Abraham Wolff, deceased, upon the ground that the assessments were upon contingent beneficial interests not vested in possession or enjoyment prior to July 1, 1902. The facts fully appear in the findings and will not be repeated here. And for manifest reasons which will appear, questions involved may be disposed of without lengthy discussion except perhaps in one respect.
Since under the statute, section 3226, a claim for refund must be first made to the Commissioner of Internal Revenue before any action can be maintained in this or any other court, it is proper first to notice the claims filed with the Bureau of Internal Revenue which are relied upon as the. basis for this action, and they may best be disposed of by referring to them in their inverse order.
The last claim (Finding XVI) was filed on November 23, 1915, by one of the attorneys for Otto H. Kahn, one of the executors, and claimed a refund of $59,711.61, the total unrefunded balance of the taxes assessed and collected, and this claim was specifically predicated upon the ground that the tax collected was a tax on legacies which had not vested in possession or enjoyment prior to July 1,1902. This claim was clearly filed too late. The act of July 27, 1912 (37 Stat., 240), had raised the bar of limitation imposed by existing statutes, but it had specifically required that claims thereunder should be filed on or before the first day of January, 1914. No discussion of the question seems necessary. Coleman v. United States, 250 U. S., 30.
The next preceding claim asking a refund of the unre-funded portion of the tax assessed against the life interest of Addie W. Kahn, one of the residuary legatees, was filed June 6, 1911, by Mortimer L. Schiff, one of the trustees under the will of. the decedent (Finding XV). Aside from another question which will be suggested later, it seems *284 to us sufficient, so far as this claim is concerned, to call attention to the fact that the tax was paid by the executors under a provision of the will of the decedent, this action is brought by the executors and this claim was filed by one of the trustees under the will. It seems to us so clear that it can not constitute the required basis for this action or any part thereof, that we again refrain from discussion. Rand v. United States, 249 U. S., 503.
The next preceding claim was filed on May 15, 1905, by Otto H. Kahn and Louis A. Heinsheimer, trustees under the will of the decedent. A part of this claim had been already allowed, the balance was disallowed, suit was brought against the collector, judgment was rendered, and it is apparent from the conclusion of the court referred to in the finding that all matters involved as to the full amount of the claim were adjudicated. We are aware of the holding that an adjudication against the collector of the internal revenue is not necessarily res judicata so far as the United States is concerned, but if this claim were not otherwise to be disposed of it might be for consideration that the judgment rendered became the basis of a claim filed by the executors against the United States upon the allowance of which the payment was made. But so far as the minor portion of this claim, which was not included in the judgment and thus not paid, is concerned, it is sufficient, in line with what has been suggested, to call attention to the fact that this claim was filed by trustees and not by the executors.
The next preceding claim (Finding XIII), and the only one left for consideration, was filed April 4, 1904, by Otto H. Kahn, one of the executors. We are mindful of what has been said by the 'Supreme Court in the Sage case, 250 U. S., 33, but since some doubt exists in our minds as to the application of the rule laid down in that case, under the facts as they appear in the instant case with reference to the consideration of this claim as a proper basis for this action, we venture to suggest the provisions of the statute which seem to us clearly to bar any action predicated upon this claim. We quote sections 3226 and 3227 of the Revised Statutes:
*285 Sec. 3226. No suit shall be maintained in any court for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until appeal shall have been duly made to the Commissioner of (the) Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof, and a decision of the Commissioner has’ been had therein: Provided, That if such decision is delayed more than six months from the date of such appeal, then the said suit may be brought without first having a decision of the Commissioner at any time within the period limited in the next section.
“ Sec. 3227. No suit or proceeding for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, shall be maintained in any court unless the same is brought within two years next after the cause of action accrued: Provided, That actions for such claims which accrued prior to June six, eighteen hundred and seventy-two, may be brought within one year from said date; and that where any such claim was pending before the Commissioner, as provided in the preceding section, an action thereon may be brought within one year after such decision and not after. But no right of action which was already barred by any statute on the said date shall be revived by this section.”
Section 3227 prohibits the maintenance of any suit in any court unless the same is brought within two years next after the cause of action has accrued. This claim was filed April 4, 1904. The cause of action accrued under the statute when the Commissioner of Internal Revenue rejected the claim or, if he did not act, when his decision thereon had been delayed for more than six months. The claim in part rejected was not refiled under the act of 1912, and no action was had thereon after its original rejection by the Commissioner of Internal Revenue. But conceding that the right of action thereon was revived by the act of 1912 and applying the holding in the Sage ease, that until January 1, 1914, no statute of limitations could begin to run, which as to this case must be regarded as a liberal holding, it is still *286 apparent that under section 3227 no action could be maintained with this claim as its basis unless it were brought on or before January 1, 1916. This action was commenced July 2, 1917. The general statute of limitations in this court (section 156, Judicial Code) is not permissive in form in the sense that it specifically permits any action of which this court has jurisdiction to be brought at any time within six years, notwithstanding any other statute, but it forever bars any claim unless sued upon or transmitted within six years, and hence there is no necessary conflict between it and the provisions of section 3227, applicable to a particular class of cases,' prohibiting the maintenance of any suit of this character in any court unless brought within two years. Fort Pitt Gas Co. v. United States, 49 C. Cls., 224 at 234, citing Christie-Street Com. Co. v. United States, in the Circuit Court of Appeals for the Eighth Circuit, 136 Fed., 326, in which it was said: “It is an action directly against the United States, and the logical and unavoidable conclusion is that it was barred by the limitation of section 3227, because it was not commenced until more than two years after the cause of action it presents accrued.” And the last-named case is cited with approval in United States v. Emery, 237 U. S., 28-32, although it was a jurisdictional question in this class of cases there under discussion, and it is said, as to these cases, that they are “ founded upon the revenue law” of which section 3227 is a part. But for the Sage case, we would entertain the opinion that there could be no question that an action predicated upon this claim was barred in two years, and we entertain such doubt as to whether the Supreme Court intended under such circumstances to substitute the six-year statute of limitations in this court for the express provision of section 3227, that we venture to suggest the question.
Aside from this question there is another feature of this claim to which we call attention. The basis of the claim as to the different amounts going to make up the aggregate was stated in three separate paragraphs. As appears clearly from the findings the portions of the claim set up in paragraphs 1 and 2 were predicated solely upon averments of error in the inclusion of certain interests in the aggregate *287 amount of the estate and upon the theory necessarily that the improper augmenting of the aggregate amount of the estate went to augment the value of the life estates of the residuary legatees on which a tax was assessed; but there is in these paragraphs of the claim no suggestion whatever that these life estates were not taxable. The only questions raised went to the amount. On the contrary, in the third paragraph of the claim wherein refund was sought of a tax assessed upon reversionary interests of these residuary legatees in certain specific trusts, the claim was specifically made that the assessment of these reversionary interests as part of the life interest of the residuary legatees was an assessment upon contingent beneficial interest, which prior to July 1, 1902, had not vested in possession or enjoyment. The basis of the claim as to the first and second paragraphs is not only clearly stated but the theory upon which it is predicated is the more apparent because of the inclusion, in the third paragraph, of the ground upon which recovery is now sought and its exclusion from the first and second paragraphs. And it is to be observed that all of the claim which was predicated upon the ground that the assessment was upon a contingent beneficial interest was allowed and repaid. While the question is one, as far as we know, which has never been specifically decided, we are clearly of the opinion that the claim as presented being upon an entirely different theory from that upon which the action is predicated and, excluding by implication from its terms the theory of the subsequent action, and in effect conceding, except as to amount, the propriety of the taxes, is not such a claim as the law contemplates must be filed with the Commissioner of the Internal Eevenue before action such as this can be maintained in this court.
We conclude that the plaintiffs are not entitled to recover.
GRAham, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.