## LOOMIS, Collector of Internal Revenue, v. WATTLES.

(Circuit Court of Appeals, Eighth Circuit. July 28, 1920.)

No. 5545.

1. **Internal revenue ☞38—Second appeal to Commissioner after payment of tax unnecessary, before bringing action for recovery.**

Where an appeal had been taken to the Commissioner of Internal Revenue from the assessment of an income tax against a stock dividend, before the tax was paid, it was not necessary, under Rev. St. § 3226 (Comp. St. § 5949), to make a second appeal, after paying the tax under protest, before bringing action for its recovery, since such appeal would have been an idle proceeding.

2. **Internal revenue ☞7—Stock dividend not taxable as "income."**

A stock dividend declared by a corporation from its accumulated surplus is not taxable as "income," under Act Oct. 3, 1913.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Income.]

3. **Appeal and error ☞171(1)—Assessment on stock dividend cannot be sustained on appeal as assessment of cash dividend.**

Where an assessment of income tax was treated by both parties in the court below as an assessment on a stock dividend, and so treated in the assessment of the tax by the Commissioner of Internal Revenue, it cannot be upheld in the Circuit Court of Appeals as an assessment on a cash dividend, though the corporation's surplus was distributed by check, which was indorsed by the stockholder in exchange for the stock, the assessment having been made on the value of the stock, which was more than double the face of the check, since the assessment must be made by the Commissioner, and cannot be made by the court.

4. **Appeal and error ☞1078(5)—Assignment of error as to allowance of interest, not argued, abandoned.**

An assignment of error relating to the allowance of interest in an action for internal revenue tax paid under protest, which was not argued, will be deemed abandoned.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action by Gurdon W. Wattles against George L. Loomis, as Collector of Internal Revenue for the District of Nebraska. Judgment for plaintiff, and defendant brings error. Affirmed.

T. S. Allen, U. S. Atty., of Lincoln, Neb. (F. A. Peterson, Asst. U. S. Atty., of Omaha, Neb., on the brief), for plaintiff in error.

John Lee Webster, of Omaha, Neb., for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

CARLAND, Circuit Judge. This is an action by defendant in error, hereafter plaintiff, to recover from plaintiff in error, hereafter defendant, an income tax levied under Act Oct. 3, 1913, c. 16, 38 Stat. 166, and paid under protest. Plaintiff had judgment in the trial court and defendant brings error.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The facts are as follows: On January 13, 1914, the stockholders of the United States National Bank of Omaha, Neb., voted an increase of the capital stock of the association in the sum of $300,000. On the same day the board of directors declared a special dividend of $42^6/7$ per cent., payable January 14, 1914. This per cent. equaled $300,000 of the then surplus of the association. The dividend was declared out of earnings accumulated prior to March 1, 1913. Plaintiff on January 14, 1914, as a stockholder, received a check for his proportion of the declared dividend amounting to $24,985.74. On January 15, 1914, he indorsed this check back to the association and received therefor his proportion of the newly issued capital stock at par, and entered the same on his private books at a valuation of $225 per share, or $56,219. The plaintiff made no return of the above stock as income, claiming that it was a stock dividend and not taxable. The defendant did not agree with the plaintiff as to the character of the transaction, and made an additional assessment upon the shares of stock, accepting the value placed thereon by the plaintiff. The tax levied on the shares on the above valuation amounted to the sum of $2,021.67. Plaintiff made an application to defendant to have the tax remitted, which was rejected. An appeal was taken to the Commissioner of Internal Revenue, and the ruling of the defendant was affirmed. The tax was then paid under protest, and this suit instituted for its recovery.

[1] The right of the plaintiff to maintain this suit is challenged in this court for the reason that the plaintiff did not appeal to the Commissioner of Internal Revenue after the tax was paid. This contention is based upon section 3226, Rev. St. U. S. (Comp. St. § 5949). The object of the statute requiring a party to exhaust his remedies in the Internal Revenue Department before he shall bring suit is to give the department an opportunity to decide whether in its judgment the tax is legal or illegal, and thus save the delay and expense of litigation. The point under consideration was not made in the court below, nor is it mentioned in the assignment of errors; but, as it may be claimed to be jurisdictional, it will be considered. We had a similar question before us in Weaver v. Ewers, 195 Fed. 247, 115 C. C. A. 219, and we then held that, notwithstanding section 3226, an appeal to the Commissioner, before the tax was paid, answered the purpose for which the statute was enacted. In the case cited we said:

"What the Commissioner of Internal Revenue thought about the assessment had been obtained upon full statement of the facts, and it would have been a useless form again, after the tax was paid, to appeal to the Commissioner and obtain the same judgment. The reason for the appeal did not exist, and hence the appeal after tax was paid was not necessary."

The following cases sustain our ruling: Schwarzchild, etc., Co. v. Rucker (C. C.) 143 Fed. 656; San Francisco Sav. & Loan Society v. Carey, 2 Sawy. 333, Fed. Cas. No. 12,317; Grier v. Tucker (C. C.) 150 Fed. 658; Tucker v. Grier, 160 Fed. 611, 614, 615, 87 C. C. A. 513; De Bary et al. v. Dunne (C. C.) 162 Fed. 961.

Counsel for defendant cites Savings Bank v. Blair, 116 U. S. 200, 6 Sup. Ct. 353, 29 L. Ed. 657; Stewart v. Barnes, 153 U. S. 456, 14 Sup. Ct. 849, 38 L. Ed. 781, and Hastings v. Herold (C. C.) 184 Fed.

759. These cases have been examined, and when the facts of each case are considered they sustain the ruling of this court in Weaver v. Ewers, supra. We therefore see no reason for departing from the ruling heretofore made, and hence decide that the contention is without merit.

[2] On the merits we have this to say: The defendant levied the tax which it is sought to recover in this action upon what he determined to be a stock dividend, and accepted the valuation placed on the stock by the plaintiff. The plaintiff also claimed that it was a stock dividend, but not taxable as income. All through the proceedings in the Internal Revenue Department, before the Collector and the Commissioner, both parties agreed that it was a stock dividend; the Internal Revenue Department claiming that it was taxable, and the plaintiff that it was not. The plaintiff in his pleading in this action claimed that it was a stock dividend, and not taxable. The defendant in his answer did not dispute the claim that it was a stock dividend, but claimed that it was taxable as income.

It was decided in the case of Eisner v. Macomber, 252 U. S. 189, 40 Sup. Ct. 189, 64 L. Ed. ——, that Congress had no power to tax, without apportionment, a true stock dividend, made lawfully and in good faith, or the accumulated profits behind it, as income of the stockholder. See, also, Lynch v. Turnish, 247 U. S. 221, 38 Sup. Ct. 537, 62 L. Ed. 1087, and Towne v. Eisner, 245 U. S. 418, 38 Sup. Ct. 158, 62 L. Ed. 372, L. R. A. 1918D, 254. As both parties agreed that the transaction was a stock dividend, the judgment must be affirmed, unless another contention first made in this court by the defendant shall be sustained.

[3] In this court the defendant claims that the transaction in question amounted to a cash dividend, and was therefore taxable as income. We are of the opinion, however, that the defendant cannot mend his hold in this court in this manner for the following reasons: (1) Assuming it to have been a cash dividend, the tax levied was double what it ought to have been. (2) This court has no power or authority, in an action at law, at least, to assess property and levy a tax thereon; such power or authority in the present case having been vested by law in the Internal Revenue Department. That department decided that the transaction amounted to a stock dividend, which was taxable as income, and the tax collected must, as a tax on a stock dividend, stand or fall. Having levied the tax as a stock dividend tax, defendant may not now say that it ought to have levied a tax upon the theory of a cash dividend, and then ask this court to do what the defendant failed to do.

[4] The assignment of error relating to the allowance of interest is not argued, and will be deemed abandoned.

Judgment below affirmed.