### BLACK v. BOLEN, Collector of Internal Revenue.

(District Court, W. D Oklahoma. September 14, 1920.)

No. 1869.

1. **Internal revenue ☞38—Claim for refund of income tax not necessary before suit, when abatement has been denied.**

    Where a claim for abatement of income tax has been rejected by the Commissioner of Internal Revenue, it is not necessary to file a claim for refund of such part of the tax, paid under protest, before commencing suit for its recovery.

2. **Internal revenue ☞7—Profit made, but embezzled, and not received, not taxable as income.**

    Where plaintiff, although engaged in other business, during the tax year speculated in stocks, through which he made a profit, but such profit was embezzled by his broker, and was never received nor recovered by him, *held*, that he was not taxable on such sum as a part of his income.

At Law. Action by George E. Black against Hubert L. Bolen, Collector of Internal Revenue. Judgment for plaintiff.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William A. Sipe, of Tulsa, Okl., for plaintiff.

John A. Fain, U. S. Atty., of Lawton, Okl. (Frank E. Ransdell, Asst. U. S. Atty., and Herbert M. Peck, U. S. Atty., both of Oklahoma City, Okl., on the brief), for defendant.

POLLOCK, District Judge. This is an action at law, brought by plaintiff to recover from defendant the sum of $614.47, paid as tax on his income for the year 1915 under protest. On issue joined the case stands submitted for decision on stipulation of facts; a jury to try the case having been waived. Briefly stated, the facts as stipulated are these:

During the period for which the tax was laid by the government the plaintiff, who lived at Tulsa, in this state, was engaged generally in the oil business, buying and selling oil leases, and developing the same, etc.; also, he was engaged in buying and selling oil stocks and shares in many oil corporations. In the conduct of this latter business plaintiff bought stocks, and sold the same on the New York curb, of approximately the value of $100,000 during the taxable year of 1915, through his broker, named R. H. Reid. Out of the conduct of this business there arose a profit of $16,544, with which plaintiff intended there should be purchased Standard Oil stock. However, the broker, Reid, embezzled this money of plaintiff, committed suicide, and his estate, when settled, paid but two one-hundredths of 1 per cent. of his indebtedness. For this loss in income, plaintiff, having paid his income tax aside from this, applied for an abatement of the tax imposed thereon to the Commissioner of Internal Revenue. This application or claim was disallowed by the Commissioner. Thereafter the Commissioner, in response to a letter written by the representative of plaintiff on January 19, 1918, in response to specific request therefor, replied as follows:

"A claim for abatement having been filed in this case, and rejected by this office, it is unnecessary that a refund claim be filed before suit is instituted."

This action was instituted by plaintiff thereafter on June 20, 1919. To a recovery by plaintiff of the amount of the income tax levied by the government on the money embezzled by the broker, the collector, defendant herein, defends on two grounds, viz.:

(1) That plaintiff filed no claim for a refund of this portion of his income tax paid under protest, after it was by the Commissioner's office ruled he was liable therefor, and before this action was instituted.

(2) That the money so made and lost by plaintiff did not arise out of any trade or business in which plaintiff was engaged; hence he is not entitled to deduct and charge off the loss from his gross income, before computing the income tax thereon.

[1] That the first defense made by the collector under the circumstances of this case is untenable is expressly ruled by the Circuit Court of Appeals for this circuit in Weaver v. Ewers, 195 Fed. 247, 115 C. C. A. 219, and other cases cited in the brief for plaintiff. Not only is the rule announced by the court in the above case controlling here, but under the peculiar facts of this case it would seem unseemly for

the Commissioner's office, after having reviewed the claim of plaintiff to abatement of his income by loss, and denied this claim on its merits, and thereafter having advised plaintiff no claim for a refund was necessary to be made before action instituted, to permit the collector to defeat recovery on such ground. The honorable Commissioner should either have not given any advice to plaintiff on the subject, leaving him to work out his rights under the law as he was advised by his counsel, or, the Commissioner having advised plaintiff as he did, should then have instructed his collector such defense is no longer open to be urged in this case.

[2] Did the profit on the sale of the corporate shares, which would have accrued to plaintiff and become part of his income, had his broker not embezzled the same, arise out of any trade in which plaintiff was engaged or business by him conducted? The ground of disallowance, as stated by the honorable Commissioner in his letter of November 23, 1917, to plaintiff, reads as follows:

"The claim of George E. Black, Tulsa, for the abatement of $602.43 additional income tax for 1915 has been examined. Claimant was originally assessed a tax of $1,571.02, based on his return on Form 1040. He was later assessed a further tax of $602.43, due to the disallowance of a deduction of $16,544, representing money which he intrusted to a broker with which to purchase stocks for his account and which was embezzled by the broker. No part of this money was ever recovered by claimant, and he now contends that, since the additional tax is based principally on this disallowed deduction, and since it was a loss incurred in his business, that the tax should not have been assessed. This office regards the above-mentioned loss as one of a purely personal nature, and not one incurred in business. Such a loss has been consistently held by this office not to be an allowable deduction. The claim is hereby rejected, and you will please proceed without further delay to collect the outstanding assessment.          Daniel C. Roper, Commissioner."

It may well be true that speculating in stocks on the New York curb was not the exclusive, or even principal, business in which plaintiff was engaged at the time the tax was levied by the government. However, a man may be engaged in many trades, callings, occupations, professions, or kinds of business within the period of one single year. Indeed he may engage in many such at the same particular time, and the amount of money or profits derived by him from the aggregate of all constitutes his taxable income. One thing is true: Had plaintiff in this case not engaged in the business of buying and selling on the New York curb stocks in oil corporations, his income would have been less, by the $16,544, than that on which he was actually assessed. The fact that this profit made in the transaction was embezzled by a faithless broker constituted a loss to plaintiff in the income he should and would have received, and on which, if by him received, he would have been compelled to pay the government tax. As this money was not received by plaintiff, under the agreed facts, but was embezzled by his broker, and thus lost to him, plaintiff did not profit, and the government should not do so, at his expense. I am of the opinion plaintiff properly charged off this loss in his business, and should not have been ruled to pay an income tax thereon.

Therefore let judgment go for the plaintiff as prayed. And it is so ordered.