ISRAELITE HOUSE OF DAVID v. HOLDEN, Collector of Internal Revenue.

(District Court, W. D. Michigan. June 16, 1926.)

1. Internal revenue ⬅28(3)—Suit cannot be maintained to restrain assessment and collection of corporation tax on ground that complainant is exempt (Rev. St. 3224 [Comp. St. § 5947]).

Under Rev. St. § 3224 (Comp. St. § 5947), a suit cannot be maintained to restrain assessment and collection of corporation tax from complainant on the ground that it is exempt, and where the bill sets forth no reason why the legal remedy is not adequate.

2. Internal revenue ⬅38(7)—Appeal to commissioner after payment of tax is condition precedent to action for its recovery (Rev. St. § 3226 [Comp. St. § 5949]).

Rev. St. § 3226 (Comp. St. § 5949), requires, as a condition precedent to maintenance of an action to recover back a tax illegally assessed and collected, that appeal be taken to the commissioner after payment.

In Equity. Suit by the Israelite House of David against one Holden, Collector of Internal Revenue. On motion by defendant to dismiss bill. Suit transferred to law side, with leave to file declaration.

H. T. Dewhirst, of Benton Harbor, Mich., for plaintiff.

Edward J. Bowman, U. S. Dist. Atty., of Grand Rapids, Mich., for defendant.

RAYMOND, District Judge. The bill of complaint filed by plaintiff alleges that it is an unincorporated voluntary religious association organized according to the apostolic plan; that it has one common treasury or community fund; that it is operated exclusively for religious and charitable purposes;

and that, by the provisions of section 231 of the Revenue Act of 1924 (Comp. St. § 6336¹/₆nn), it is expressly exempted from taxation.

It is alleged that defendant, in disregard of plaintiff's right of exemption, levied and collected from plaintiff a tax for the year 1924 in the sum of $947.06 with interest, and it appears·from the bill of complaint and admissions made at the hearing that a penalty was also collected. It is also set forth that plaintiff has protested to the Commissioner of Internal Revenue, and that its claimed right of exemption has been denied by said Commissioner. Plaintiff prays that defendant be enjoined from imposing upon or collecting any tax from plaintiff under the Revenue Act of 1924, and that plaintiff have judgment against defendant for the taxes, interest, and penalty unlawfully exacted.

[1] The matter is before the court upon motion to dismiss filed by defendant. The substantial grounds of the motion are that plaintiff has an adequate remedy at law, that the bill of complaint does not set forth any ground for injunctive or other relief in a court of equity, and that the suit is brought for the purposes of restraining the assessment and collection of taxes contrary to statutory provisions.

It seems clear that the bill of complaint states no cause of action of which a court of equity can take jurisdiction. Section 3224 of the Revised Statutes (Comp. St. § 6947) is as follows: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

Counsel insists that this court of equity should determine the status of plaintiff as it relates to the exemption provided by section 231. No case has been cited or discovered which authorizes such a determination. The case of Trinidad v. Sagrada Orden, 263 U. S. 578, 44 S. Ct. 204, 68 L. Ed. 458, cited by plaintiff, was an action at law. In the case of Kensett v. Stivers (C. C.) 10 F. 517, it was held that the collection of a tax cannot be restrained by injunction in any court of equity in the United States, however erroneously or illegally it may have been assessed, if assessed by the proper officers. See, also, Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557, and Graham v. Du Pont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965. In the case of Bailey v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816, it was held by Chief Justice Taft that a bill to enjoin a levy and sale of property to satisfy a penalty prescribed as a tax would not lie when it sets up no extraordinary circumstances rendering

section 3224 inapplicable and exhibits no reason why the legal remedy of payment under protest and action to recover would not be adequate. No reason is set forth in the bill in this case why the legal remedy is not adequate, and it follows that relief in equity must be denied.

[2] The plaintiff prays for judgment against defendant for the taxes, interest, and penalty thereon claimed to have been illegally exacted from it. So far as the relief thus prayed is concerned, the plaintiff has an adequate remedy at law. Equity rule 22 provides that, if at any time it appears that a suit commenced in equity should have been brought on the law side of the court, it shall forthwith be transferred to the law side and there proceeded with, with only such alterations in the ·pleadings as shall be essential.

It is urged by counsel for defendant that the bill of complaint does not set forth compliance with section 3226 of the Revised Statutes (Comp. St. § 5949), in that it does not appear that appeal has been duly made to the Commissioner of Internal Revenue and his decision had upon such appeal as a condition precedent to the maintenance of suit.

Counsel for plaintiff relies upon the cases of Weaver v. Ewers, 195 F. 247, 115 C. C. A. 219, Loomis v. Wattles (C. C. A.) 266 F. 876, and Black v. Bolen (D. C.) 268 F. 427, in each of which it was held that it was not necessary to file a claim for refund after payment of the tax before commencing suit for its recovery, where the tax was paid under protest, and the Commissioner had previously ruled that the tax should be paid.

This line of cases was expressly referred to in the case of Rock Island R. R. v. United States, 254 U. S. 141, 41 S. Ct. 55, 65 L. Ed. 188, and it was there clearly held that the words "on appeal to him made" should be construed to apply only to an appeal *after payment*. The following language was used:

"Men must turn square corners when they deal with the government. If it attaches even purely formal conditions to its consent to be sued, those conditions must be complied with. Lex non præcipit inutilia (Co. Lit. 127b) expresses rather an ideal than an accomplished fact. But in this case we cannot pronounce the second appeal a mere form. On appeal a judge sometimes concurs in a reversal of his decision below. It is possible, as suggested by the Court of Claims, that the second appeal may be heard by a different person. At all events the words are there in the statute and the regulations, and the court is of opinion that they mark the conditions of the claimant's right."

The rule laid down makes it clear that, unless plaintiff can state a cause of action at law which sets forth compliance with section 3226 as thus construed by the Supreme Court, such action must be dismissed. The court cannot, however, at this time determine the sufficiency of such pleading, as its averments may differ materially from those contained in the bill of complaint.

An order will be entered herein transferring this suit to the law side of the court, with leave to plaintiff to file a declaration at law within 15 days from this date; defendant to plead or file motion to dismiss within 15 days after service of copy of such declaration has been duly made upon attorney for defendant.