**Michael HRCKA**

v.

**Stuart L. CRENSHAW, formerly Collector of Internal Revenue of the United States of America for the District of Virginia, at Richmond.**

**John HRCKA**

v.

**Stuart L. CRENSHAW, formerly Collector of Internal Revenue of the United States of America for the District of Virginia, at Richmond.**

Civ. A. Nos. 2062, 2063.

United States District Court
E. D. Virginia, Richmond Division.

Feb. 28, 1956.

Bremner, Parker, Neal, Harris & Williams, Richmond, Va., for plaintiffs.

L. S. Parsons, Jr., U. S. Atty., Richmond, Va., for defendant.

HUTCHESON, Chief Judge.

Michael and John Hrcka, hereinafter referred to as the plaintiffs, sue Stuart L. Crenshaw, the former Collector of Internal Revenue of the United States of America for the District of Virginia, hereinafter referred to as the defendant, for the refund of additional income tax and penalties for the calendar years 1940–1943; the former sues for a refund of $4,556.05 with interest thereon, and the latter for $4,455.88 with interest thereon. The two cases were consolidated and tried before the Court without a jury.

The plaintiffs' sole source of income was from a partnership known as the Sample Shoe Store, a retail store operated by them at No. 1730 Westover Avenue, Petersburg, Virginia. Toward the end of 1946 former Revenue Agent Lipford conducted a routine examination of the business and not finding a formal set of books he called in former Special Agent Craig. After having attempted a net worth examination, and then a bank deposit examination, without results considered satisfactory, due to the shortage of time and the running of the statute of limitations the agents resorted to a "comparison" in order to determine the income of plaintiffs. This comparison was made with only one other store, which was located in the same block as plaintiffs. Although it was de-

termined that it did not have the same brand shoes and that there was no indication as to the same type of distribution, nevertheless the agents based their conclusions on the "comparison" examination alone, and did not consider any other basis. The assessment was made on or about February 10, 1947. The taxes were paid in installments between the periods November 3, 1947 and June 3, 1949, and July 11, 1949 and July 15, 1949. On August 25, 1947, after assessment but before payment, counsel for plaintiffs wrote a letter to defendant. This letter set up the background of the case, the arbitrary action of the agents and a conversation with Mr. Dawe, an assistant to the defendant. The evidence concerning this conversation discloses that the defendant was fully informed as to the contention of the plaintiffs. The letter also outlined a plan whereby the plaintiffs would pay the taxes by installment and then claim a refund. The defendant answered this letter on August 27, 1947, and said in effect that the jurisdiction of his office ceased but the letter would be filed for attention in case plaintiffs claimed a refund. On June 4, 1951, plaintiffs filed with defendant claims for refund for the years in question. On November 25, 1952, defendant notified plaintiffs by registered mail that their claim for 1943 had been disallowed except for a few payments which were not barred by the statute of limitations. There was no disallowance as to the claims for 1940–1942.

The uncontroverted evidence established that plaintiffs had in fact been overcharged and that they were entitled to refunds. The defendant, however, raises two technical defenses which constitute the issue:

1. 26 U.S.C.A. § 322(b) (1) imposes a limitation of two years from the time a tax is paid in which the claim for refund may be properly filed. Therefore the defendant contends the plaintiffs have filed their claims too late as to the payments made before June 4, 1949, these payments being the ones in question.

2. 26 U.S.C.A. § 3772(a) (2) imposes a two-year period of limitation from the time of notice of disallowance by the Commissioner, in which a suit to contest such a ruling must be brought. This suit was filed on November 30, 1954, hence the defendant claims that it was filed too late since notice was given November 25, 1952.

■ The second issue is simple to resolve in light of the fact that defendant never sent to plaintiff a notice of disallowance for the tax years 1940–1942. Consequently Section 3772 does not bar plaintiff from contesting the claims involving those years. The claim involving the year 1943 is barred. Thus the first contention presents the principal issue for consideration.

■ An examination of decided cases discloses that an informal claim filed with the Commissioner, subsequently perfected, will bar the running of the statute, Section 322, supra. United States v. Kales, 314 U.S. 186, at page 194, 62 S.Ct. 214, 86 L.Ed. 132; Keneipp v. United States, 87 U.S.App.D.C. 242, 184 F.2d 263; Neilson v. Harrison, 7 Cir., 131 F.2d 205; Evans v. Kavanagh, D.C., 86 F.Supp. 535, at page 539. The defendant contends that this line of cases does not apply to a situation such as at bar, where the alleged informal claim was filed prior to the submission of the first payment, citing Rock Island, A. & L. R. Co. v. United States, 254 U.S. 141, 41 S.Ct. 55, 65 L.Ed. 188; R. J. Reynolds Tobacco Co. v. Robertson, 4 Cir., 80 F.2d 966, certiorari denied 297 U.S. 719, 56 S.Ct. 596, 80 L.Ed. 1004; and Israelite House of David v. Holden, D.C., 14 F.2d 701. In those cases the informal claim was never later perfected and therefore may be distinguished from the case at bar.

■ There is no rigid requirement nor express form required in the making of an informal claim. The facts in the various cases in point (cited supra) are all dissimilar. The important common factor seems to be that the Commissioner was fully apprised of the taxpayer's in-

tention to subsequently file. This connotes actual notice of such intention. It is not required, however, that the Commissioner know all the details. United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; Smale & Robinson, Inc., v. United States, D.C., 123 F.Supp. 457, at page 467, carry this idea to the extent that imperfections in the informal claim may be cured by amending the formal claim for refund after the statute has become a bar.

██ Applying the law to the facts of this case it is inescapable that the visits to Mr. Dawe, the conferences and the letter of August 25, 1947, would constitute valid informal claims. This appears clear in light of the letter of defendant on August 27, 1947, in which defendant advised plaintiffs that the Bureau would await such filing, thus indicating actual knowledge of the facts. This claim was perfected by the filing of the formal claim on June 4, 1951. Therefore the defense of the defendant, under Section 322, supra, is not well taken since the claims were properly filed with defendant. Plaintiff is entitled to refund of excess taxes paid for the years 1940, 1941 and 1942, but that part of the 1943 taxes not already refunded would be barred by failure of plaintiff to file suit in the clerk's office on or before November 25, 1952, Section 3772, supra.

The following language used in United States v. Memphis Cotton Oil Co., supra, 288 U.S. at page 69, 53 S.Ct. at page 281, states the reason for recognition of an informal claim which is in effect an exception to the statute of repose:

"'* * *, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied.' New York Central & H. R. R. Co. v. Kinney [260 U.S. 340, at page 346, 43 S.Ct. 122, 123, 67 L.Ed. 294]."

Judgments will be entered for the plaintiffs for the amounts claimed by them respectively for the years 1940, 1941 and 1942.

The claims involving the year 1943 will be denied.