## JAMES, Administratrix, *v.* HICKS.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF VIRGINIA.

Submitted January 4th, 1884.—Decided January 28th, 1884.

*Internal Revenue—Limitation—Statutes—Tax.*

1. An action to recover back a tax illegally exacted, when the commissioner of internal revenue, on appeal, delays his decision more than six months from date of the appeal, may be brought within twelve months from that date, whether a decision shall then have been made or not ; or the claimant may wait for the decision, and bring his action at any time within six months thereafter.

2. An appeal to the commissioner of internal revenue against a tax alleged to have been illegally exacted being rejected by him for informality in the preparation of the papers, a second appeal was taken within the proper period, and rejected: *Held,* That, in fixing a date when a suit to recover back the tax alleged to have been illegally exacted would be barred by the statute of limitations, the second appeal was the one contemplated by the statute.

This action was brought by Hicks, the defendant in error, on August 15th, 1879, to recover $3,292.95 for taxes alleged to have been illegally exacted by the intestate as collector of internal revenue on October 31st, 1865. The only question made was that the suit was not brought within the time allowed by law.

The plaintiff, in his declaration, alleged that he appealed to the commissioner of internal revenue to refund the tax illegally collected, and that his appeal was rejected by the commissioner on January 22d, 1879. To this declaration the defendant pleaded that the appeal to the commissioner to refund the money exacted was filed in his office on February 8th, 1866, and was rejected on May 7th, 1866. To this the plaintiff replied that the appeal referred to in the plea was not duly made, and that it was not rejected on its merits, but because it had not been made and certified on proper forms as required by the treasury regulations; and that afterwards, on January 8th, 1868, he made an appeal in due form, which was entertained by the commissioner, and finally decided and rejected on January 22d, 1879. The finding of fact on this issue by the court was as follows:

"The issues in fact being tried and determined by the court in this cause upon a stipulation in writing by the parties through their respective counsel, filed under section 649 Revised Statutes of the United States, the court find the facts as proved, under the special plea of the statute of limitations, to be that the suit was brought within six months after the final rejection of the plaintiff's appeal made to the commissioner of internal revenue at Washington, the same having been pending before the commissioner from the time the appeal was perfected on Form 46, according to the provisions of law and the regulations of the Secretary of the Treasury made in pursuance thereof. It is further found that the delay in the consideration of the appeal by the commissioner after its perfection on Form 46 and the signature of the proper officers required by law was occasioned by the loss of the original papers filed with the department by the plaintiff or his attorney and required by law to be kept there."

Judgment was rendered in favor of the plaintiff below, to reverse which a writ of error was brought.

*Mr. Solicitor-General* for plaintiff in error.

*Mr. W. P. Burwell* for defendant in error.

MR. JUSTICE MATTHEWS delivered the opinion of the court. After stating the facts in the above language, he continued: It is alleged as error, in the first place, that the court should have treated the appeal rejected for informality as the basis for determining the time within which the suit ought to have been brought. But that appeal was not so treated by the commissioner, who rejected it for mere informality and entertained the subsequent appeal, made in proper form, as rightly prosecuted. The latter, in our opinion, was the appeal contemplated by the statute.

It is further insisted, however, that treating the appeal of January 8th, 1868, as the only one to be considered, the action was barred by lapse of time.

Section 19 of the act of July 13th, 1866, ch. 184, 14 Stat. 152, is:

"That no suit shall be maintained in any court for the recovery of any tax alleged to have been erroneously or illegally assessed or collected until appeal shall have been duly made to the commissioner of internal revenue according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof, and a decision of said commissioner shall be had thereon, unless such suit shall be brought within six months from the time of said decision, or within six months from the time this act takes effect: *Provided,* That if said decision shall be delayed more than six months from the date of such appeal, then said suit may be brought at any time within twelve months from the date of such appeal."

§ 3227 Rev. Stat., which was first adopted in the act of June 6th, 1872, provides that:

"No suit or proceeding for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, shall be maintained in any court unless the same is brought within two years next after the cause of ac-

tion accrued : *Provided,* That actions for such claims which accrued prior to June six, eighteen hundred and seventy-two, may be brought within one year from said date ; and that where any such claim was pending before the commissioner, as provided in the preceding section, an action thereon may be brought within one year after such decision and not after. But no right of action which was already barred by any statute on the said date shall be revived by this section."

It is argued now, by the Solicitor-General, that the action was barred by the act of 1866, because not brought within twelve months from the date of the appeal. The terms of that act require, as conditions precedent to the right to bring any such suit, first, an appeal to the commissioner of internal revenue ; second, a decision thereon by him ; and not then unless it shall be brought within six months after such decision, or within that time after the act takes effect. The proviso is, that if the decision is delayed more than six months from the date of the appeal, the suit may be brought at any time within twelve months from the date of such appeal, that is, although no decision may have, in the meantime, been made. Such was the construction of similar provisions in § 2931 Rev. Stat., adopted in *Arnson* v. *Murphy,* 109 U. S. 238. The plaintiff is not bound to sue until a decision on the appeal has actually been made, but must sue within six months thereafter. If he does not choose to wait for a decision, he may nevertheless bring suit before it is made if it is delayed more than six months from the date of the appeal, provided, however, in that case, he sues within twelve months from the date of the appeal.

In the present case, the plaintiff chose to wait, as he had the right to do, until a decision upon his appeal had been made. Tt had not been made on June 6th, 1872, when the act of that date took effect, being § 3227 Rev. Stat. The claim, therefore, was pending before the commissioner at that time. It continued to be so until January 22d, 1879, when it was decided. By the terms of § 3227, he had one year after that decision within which to bring his suit, which he did.

The judgment of the Circuit Court was, therefore, right, and is accordingly                                                        *Affirmed.*