UNITED SHOE MACHINERY CORPORATION v. WHITE.

WHITE v. UNITED SHOE MACHINERY CORPORATION.

UNITED SHOE MACHINERY CORPORATION v. NICHOLS.

Nos. 3186–3188.

Circuit Court of Appeals, First Circuit.

July 10, 1937.

Claude R. Branch and Choate Hall & Stewart, all of Boston, Mass., for appellant United Shoe Machinery Corp.

Robert H. Jackson, Asst. Atty. Gen., Sewall Key and John G. Remey, Sp. Assts. to Atty. Gen., Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. U. S. Atty., both of Boston, Mass., for the collectors.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

## PER CURIAM.

In this case we held the Commissioner's original assessment correct as against his own attempted repudiation of it on the British taxes paid by the plaintiff and against the plaintiff's contention that he erred in bringing taxes deemed to have been paid under section 238(e) into the limitation on credits contained in section 238(a), Revenue Acts 1921, 1924, and 1926, 42 Stat. 258, 43 Stat. 286, and 44 Stat. 44. We accordingly directed judgments for the defendant. The Shoe Machinery Corporation asks that its judgments be modified so as to return the cases to the District Court for further proceedings.

The plaintiff suggests that our decision that the limitation on credits contained in section 238(a) includes not only taxes actually paid to foreign countries but also those deemed to have been paid under section 238-(e) eliminates as a credit against domestic taxes a large amount of taxes of the latter sort; that these sums though no longer available as a credit against taxes are available under section 234 (Revenue Acts 1921, 1924, 1926, 42 Stat. 254, 43 Stat. 283, and 44 Stat. 41) as a deduction from gross income; and that the case ought therefore to be returned to the District Court for re-computation of the tax with this correction. This method of computing the tax appears to be in accord with the Treasury regulation promulgated in September 1931. (Reg. 65 & 69 as amended 28 Sept. 1931; T.D. 4324 CBX-2 pp. 156–157.)

The government objects on the ground that no such question was raised by the claims for refund or during the trial. We understand this to be the fact. The claims for refund which we have examined make no reference to this point.

In matters of taxation the essential thing is that the amount justly due shall be collected neither more nor less; and courts are always anxious to give effect to this principle. There are, however, certain formal requirements which must be observed before there can be any recovery of over-paid taxes. One of these is, as was said in our opinion, that a proper claim for refund was filed. It is settled that a mere general claim for refund is not sufficient. "The claim for refund, which section 1318 [Revenue Act 1921] makes prerequisite to suit, obviously relates to the claim which may be asserted by the suit. Hence, quite apart from the provisions of the Regulation, the statute is not satisfied by the filing of a paper which gives no notice of the amount or nature of the claim for which the suit is brought, and refers to no facts upon which it may be founded." Stone, J., United States v. Felt & Tarrant Co., 283 U.S. 269, 272, 51 S.Ct. 376, 377, 75 L.Ed. 1025. See too Bryant Paper Co. v. Holden, 63 F.(2d) 370 (C.C.A.6); United States v. Richards, 79 F.(2d) 797 (C.C.A.6).

The point which the plaintiff desires to present appears not to be open to it and there is therefore no occasion for us to modify our judgment. Perhaps when the questions of law have been finally settled the Commissioner will find means to bring the tax into accord with the regulations.

Motion denied.