## HANNA IRON ORE CO. v. UNITED STATES.

No. 4744.

District Court, E. D. Michigan, S. D.

Sept. 12, 1946.

Dykema, Jones & Wheat, by Paul R. Trigg, Jr., all of Detroit, Mich., for plaintiff.

John C. Lehr, U. S. Dist. Atty., and Morris Zwerdling, Asst. Dist. Atty., both of Detroit, Mich., F. J. Neuland, Sp. Asst. to Atty. Gen., of Washington, D. C., and Morris Zwerdling, of Detroit, Mich., for defendant.

KOSCINSKI, District Judge.

Plaintiff filed suit to recover income taxe. claimed to have been unjustly, unlawfully and erroneously assessed and collected. Defendant, by special and affirmative defenses, challenges this court's jurisdiction to heai and determine the matter on its merits foi the reason that the claims for refund, as filed with the Commissioner, on which this action must rest, do not set forth specific grounds for recovery of the taxes alleged to have been paid, as required by Section 322 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code, § 322, and the Regulations of the Commissioner of Internal Revenue promulgated pursuant thereto. On this basis it is alleged that a condition precedent to suit under Section 3772 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 3772, is lacking and that the court is without jurisdiction.

Counsel for both parties are agreed that unless the plaintiff can establish its position as respects the validity of its claims for refund, either by demonstrating the sufficiency of the claims as filed or by proving a waiver by the defendant of any defects in the form of the claims, there is no necessity of trying the substantive issue involved. Accordingly, defendant's special and affirmative defense has been disposed of by a separate trial, as provided in Rule 42(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and testimony has been limited to this defense.

Plaintiff's predecessor, in its corporate net income tax returns for the years 1938 and 1939, included in "other income" distributions which it received from the Mahoning Ore & Steel Company by reason of its ownership of stock in that company. Plaintiff now claims that a portion of such distribution was from capital surplus accrued prior to March 1, 1913 and realized as a result of operations during 1938 and 1939, that the distribution made arose out of an increase in the value of property accrued before March 1, 1913, within the meaning of Section 115(b) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 115(b), and were therefore exempt from taxation, and that they were erroneously included in "other income" in such returns and a tax thereon erroneously assessed and paid.

On March 14, 1942, the predecessor company filed a claim for refund for the year 1938 on Treasury Department Form 843, the grounds being stated in the following language:

"The settlement of this company's taxes for 1938 are in the process of negotiation with the Bureau of Internal Revenue, and this claim is intended to cover any refund which would result from changes made in the revenues or expenses of the company which would produce such refund.

"Specifically, receipts from gross sales should be reduced; cost of goods sold should be increased; interest receivable should be decreased; dividends receivable should be decreased; other income should be decreased; bad debt allowance should be increased; interest payable should be increased; taxes should be increased; depreciation should be increased; losses should be increased; other deductions authorized by law should be increased.

"The taxpayer reserves the right to amend this claim in such particulars as later may be found appropriate, and claims that it should receive notice of any proposed disallowance sufficiently in advance of such disallowance so that proper amendment of this claim can be recorded before the disallowance is effective."

The report of an examination begun in August of 1941 of the predecessor company's books and records by a revenue agent was transmitted to plaintiff's predecessor on August 4, 1942. It proposed an additional tax for the year 1938 and asserted that the principal cause of the deficiency was "due to the inclusion in 1938, net income of $887,799.35, profit realized on the receipt of 40,000 shares of common stock of Wakefield Iron Co." The report further stated that the "claim for the refunding of $1.00 or more, 1938 income tax, filed 3/14/42 is

disallowed, due to changes made in this report."

A protest was filed to the asserted deficiency setting forth in detail the Wakefield Iron Company transaction. After a hearing thereon on December 16, 1942, the profit previously determined to have been realized on the receipt of the Wakefield Iron Company stock was eliminated. Additional assessments for the year 1938 were paid, however, arising out of other adjustments not involved in this suit.

On March 13, 1943, a claim for refund of the 1939 tax in the amount of $1 or more was filed, stating the following grounds:

"Reductions are claimed in the cost of goods sold, in interest received, in dividends received, in the amount of income from distributions received out of depletion realized, and increases are claimed in cost of goods sold, in loss on account of bad debts, in taxes payable, in special administrative expense and in auditing fees.

"Taxpayer reserves the right to amend this claim in such particulars as later may be found appropriate, and claims that it should receive notice of any proposed disallowance of deductions or increases in income in advance of such changes so that proper amendment of this claim may be recorded before the disallowance or increases are effective."

The report of an examination of the tax year 1939 filed by the Internal Revenue agent, dated May 26, 1944, included the following statement:

"Taxpayer has filed blanket protective claim for refund of $1.00 or more for year 1939. Since no adjustment of any income account or expense deduction applicable to the year 1939, is apparent at this time, no refund is recommended under this claim."

A copy of this report was mailed to the predecessor company on June 1, 1944, with a letter advising the predecessor company that taxpayer has ten days from date of the letter in which to protest or accept the findings of the report.

Claims for refund for 1938 and 1939 were rejected and notices of rejection sent to taxpayer under dates of April 28, 1943, and August 2, 1944, respectively.

Section 3772(a) (1) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3772(a) (1), provides:

"Suits for refund. Limitations. Claim. No suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

Treasury Regulation 111, promulgated under the Internal Revenue Code, provides:

"Sec. 29.322—3. Claims for refund by Taxpayers.

"Claims by the taxpayer for the refunding of taxes, interest, penalties, and additions to tax erroneously or illegally collected shall be made on Form 843, and should be filed with the collector of internal revenue. A separate claim on such form shall be made for each taxable year or period.

"The claim must set forth in detail and under oath each ground upon which a refund is claimed, and facts sufficient to apprise the Commissioner of the exact basis thereof. No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed prior to the expiration of such period. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund. * * *"

It is plaintiff's contention that the claims as filed met the requirements of the Treasury Regulations because:

(a) Substantially all of the item of "other income" appearing on the face of taxpayer's 1938 income tax return consisted of a distribution made in 1938 by Mahoning Ore & Steel Company to the taxpayer; this distribution was from an increase in the value of property accrued before March 1, 1913; the claim for refund for that year in the amount of $1 or more, in which it was

stated that the item of "other income" should be decreased, was sufficient to inform the defendant of the nature of the claim.

(b) Substantially all of the item of "gross income" on the face of taxpayer's 1939 income tax return reflected a distribution made by the Mahoning Ore & Steel Company in 1939 which distribution was also exempt; its claim for refund in the amount of $1 or more for that year, stating that "income from distributions received out of depletion realized" should be decreased, sufficiently apprised the defendant of the nature of the claim, since the only item of gross income in the return for that year which consisted of "income from distributions received out of depletions received out of depletion realized" was the distribution it received from Mahoning Ore & Steel Company.

(c) Had the Commissioner considered the claims with any care, he would have been apprised of the basic issue in this suit.

(d) Both the grounds for refund and the essential facts were reflected on the face of the claims.

Plaintiff further maintains that, even if the claims in question here failed to meet the requirements of the Treasury Regulations, plaintiff has established a waiver of such defects on the part of the defendant for these reasons:

(a) In the course of the examination of taxpayer's books and records for the years 1938 and 1939, the internal revenue agent came upon the items of income representing distributions made by Mahoning to plaintiff in 1938 and 1939 and knew that such distributions were from an increase in the value of property accrued before March 1, 1913; he specifically considered whether such distributions were taxable income to plaintiff and rejected the claims on the basis of the audit and without reference to any formal defects in the claims themselves.

(b) The claims were rejected on their merits and defendant cannot now raise the question of defects in the form of the claims.

Defendant, on the other hand, denies that the claims fulfilled the requirements set forth in the applicable statutes and treasury regulations and further denies that such defects were waived.

Defendant offered testimony of the internal revenue agent to show that the audit was commenced on or about August 13, 1941, in connection with an examination of the records of the National Steel Company, of which plaintiff's predecessor was a subsidiary. The purpose of the audit, according to his testimony, was to determine the correct federal income and declared value, excess profits taxes for the years 1938 and 1939 as compared with the amounts shown on the respective returns. The agent further testified that his examination and audit were completed, although his report had not been filed, before the claims for refund were turned over to him, that he was informed by the official in charge that a blanket claim for refund had been filed to protect claimant's rights in the event the audit disclosed an overassessment. He further testified that other than the adjustment on the Wakefield stock transaction only minor adjustments were made as a result of the audit. The Mahoning income was found to be correctly reported and the income from that source was not disturbed. He stated also that his memoranda of this examination did not disclose that any specific mention was made of the Mahoning transaction nor did the company officials indicate that the claims for refund were based thereon.

■ Section 3772 of the Internal Revenue Code permits the filing of an action for refund of internal revenue taxes only upon conditions imposed by the government, one of which is that a claim for refund must first be duly filed with the Commissioner, "according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." The purpose of these conditions is obviously to give the Commissioner full opportunity to investigate the specific claim made and to correct any errors or inaccuracies. If he refuses to correct them, resort to the courts is then allowed. Legislative intent would be entirely defeated if claimants were permitted to resort to litigation and to rely in their suits upon specific grounds not mentioned in their claims for refund.

"One object of such requirements is to advise the appropriate officials of the demands or claims intended to be asserted, so as to insure an orderly administration of the revenue, * * * a purpose not accomplished with respect to the present demand by the bare declaration in respondent's claim that it was filed 'to protect all possible legal rights of the taxpayer.' The claim for refund which section 1318 makes prerequisite to suit obviously relates to the claim which may be asserted by the suit. Hence, quite apart from the provisions of the Regulation, the statute is not satisfied by the filing of a paper which gives no notice of the amount or nature of the claim for which the suit is brought, and refers to no facts upon which it may be founded." United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 272, 51 S.Ct. 376, 377, 75 L.Ed. 1025.

Numerous other decisions are equally explicit as to the purpose and importance of such requirements.

The claims for refund in the instant case were couched in the most general terms. It is apparent from a reading of the claims that claimant recited each item on the tax return and in its claim requested that such items be either increased or decreased, whichever would reduce the tax liability. The claim for refund of the 1938 taxes specifically states that it is "intended to cover any refund which would result from changes made in the revenues or expenses of the company which would produce such refund."

It cannot be said that the statements "other income should be decreased" (1938 claim) or "reductions are claimed in the amount of income from distributions received out of depletion realized" (1939 claim), taken together with numerous other requests for increases or decreases in various items, would sufficiently apprise the Commissioner of Internal Revenue that plaintiff was complaining of the erroneous inclusion in taxable income of that specific portion of the two distributions received as a result of ownership of capital stock of the Mahoning Iron & Steel Company which was paid out of capital surplus accrued prior to March 1, 1913. All of this information, although available to plaintiff and eventually stated in detail in the complaint filed in this suit, is absent from the claims for refund. It is inconceivable that plaintiff would file a suit in this court asking for a refund of part of its 1938 and 1939 income taxes because "other income" reported in its 1938 return "should be decreased" or because "reductions are claimed in the amount of income from distributions received out of depletion realized" as reported in its 1939 return, without pleading facts to apprise the defendant and the court of the exact nature of its claims.

It is not necessary that a claimant submit all of his legal arguments in a claim for refund but it is mandatory that such facts as will clearly demonstrate the nature of the claim must be included. A mere general claim for refund giving no notice of the nature of the claim and referring to no facts on which it is founded is an insufficient basis for recovery of overpaid taxes. United Shoe Machinery Corp. v. White, 91 F.2d 342, certiorari denied 302 U.S. 768, 58 S.Ct. 478, 82 L.Ed. 596. An action for recovery of taxes must be founded on the same grounds, and only such grounds, as are stated and presented in the claim. In this action this requirement has not been met.

Plaintiff having failed to show that the claims have sufficient substance to meet the necessary requirements, has that defect been waived by the Government?

In one of the most recent cases dealing with the subject, that of Angelus Milling Co. v. Commissioner, 325 U.S. 293, 65 S.Ct. 1162, 1165, 89 L.Ed. 1619 (decided May 21, 1945), the court said:

"The showing should be unmistakable that the Commissioner has in fact seen fit to dispense with his formal requirements and to examine the merits of the claim. It is not enough that in some roundabout way the facts supporting the claim may have reached him. The Commissioner's attention should have been focused on the merits of the particular dispute. The evidence should be clear that the Commissioner understood the specific claim that was made even though there was a departure from form in its submission. We do not think that the petitioner has made out such a case here."

In that case it was contended that the petitioner's claim, considered together with that of another taxpayer, included sufficient facts to inform the commissioner of the nature of the claim. The court, however, rejected this argument.

The audit of taxpayer's books and records in this case was commenced some time prior to the filing of the first claim for refund. It was not motivated by the filing of the claims. The report made on the basis of the audit, combining both years 1938 and 1939, was transmitted to the taxpayer. A deficiency was proposed and the basis therefor explained. In the same report the claim for 1938 income tax refund was disallowed by reason of the additional deficiency proposed in the report. The formal rejection of the claim was mailed on April 28, 1943. A protest was filed to the asserted deficiency and a hearing held thereon but, until the filing of the instant suit, no detailed statements as to the nature of the two claims involved herein had been furnished to the taxing authorities.

Even if the audit had followed as a result of the filing of the claims, it would not be sufficient to constitute a waiver on the part of the Commissioner. Evidence showing an examination of claimant's books by Commissioner, without evidence that his attention was focused on the merits of the particular dispute, failed to sustain claimant's burden of showing that Commissioner had waived defects in claim. Cudahy Packing Co. v. United States, 7 Cir., 152 F.2d 831.

The examiner and agent may have considered the Mahoning transaction at the time he verified all of the other items reported by taxpayer. His testimony negatives, rather than affirms, any contention that he gave special attention to the transaction. Such action on his part is insufficient to justify a holding that he passed upon this item in the light of plaintiff's claims for refund and that he recommended rejection of the claims or that such claims actually were rejected on their merits.

This court therefore finds that the suit filed by plaintiff is not predicated upon a sufficient claim filed with the Commissioner of Internal Revenue as required by statute.

No waiver has been established, there is no testimony showing that the claims were amended before disallowance, or that additional timely claims for refund have been filed. The defendant at no time was presented with claims which included sufficient facts to apprise him of the exact basis of the claims involved in this action. Under the circumstances this court is without jurisdiction to hear such claims on their merits.

The complaint is dismissed on its merits and judgment may be entered in favor of the defendant.