(C. D. 1730)

BERCUT-VANDERVOORT & CO., INC. *v.* UNITED STATES

## United States Customs Court, Third Division

(Dated October 20, 1955)

*Lawrence & Tuttle* (*George R. Tuttle* and *Charles F. Lawrence* of counsel) for the plaintiff.

*Warren E. Burger*, Assistant Attorney General (*Richard E. FitzGibbon, William J. Vitale, Mollie Strum, Richard H. Welsh*, and *Alfred A. Taylor, Jr.*, trial attorneys), for the defendant.

Before EKWALL and JOHNSON, Judges

JOHNSON, Judge: This case is before us on a motion to dismiss the protest for lack of jurisdiction on the ground that plaintiff has failed to file a claim for refund with the Commissioner of Internal Revenue, as provided in section 3772 of the Internal Revenue Code (26 U. S. C. § 3772).

The subject matter of the suit is the amount of internal revenue taxes assessed upon the imported merchandise under section 2800 of the Internal Revenue Code (26 U. S. C. § 2800). Plaintiff admits that no claim for a refund was filed with the Commissioner but contends that section 3772 is not applicable.

Said section provides:

**§ 3772. Suits for refund—(a) Limitations—(1) Claim.**

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

**(2) Time.**

No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of two years from the date of mailing by registered mail by the Commissioner to the taxpayer of a notice of the disallowance of the part of the claim to which such suit or proceeding relates.

The following provisions of the Tariff Act of 1930 are also pertinent:

### SEC. 514. PROTEST AGAINST COLLECTOR'S DECISIONS.

Except as provided in subdivision (b) of section 516 of this Act (relating to protests by American manufacturers, producers, and wholesalers), all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), * * * and his liquidation or reliquidation of any entry, * * * shall, upon the expiration of sixty days after the date of such liquidation, reliquidation,

decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, * * * shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. * * *

SEC. 515. SAME.

Upon the filing of such protest the collector shall within ninety days thereafter review his decision, and may modify the same in whole or in part and thereafter remit or refund any duties, charge, or exaction found to have been assessed or collected in excess, or pay any drawback found due, of which notice shall be given as in the case of the original liquidation, and against which protest may be filed within the same time and in the same manner and under the same conditions as against the original liquidation or decision. If the collector shall, upon such review, affirm his original decision, or if a protest shall be filed against his modification of any decision, and, in the case of merchandise entered for consumption, if all duties and charges shall be paid, then the collector shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the United States Customs Court for due assignment and determination, as provided by law. * * *

The said tariff act was amended by the Customs Administrative Act of 1938 by the addition of the following section:

SEC. 528. TAXES NOT TO BE CONSTRUED AS DUTIES.

No tax or other charge imposed by or pursuant to any law of the United States shall be construed to be a customs duty for the purpose of any statute relating to the customs revenue, unless the law imposing such tax or charge designates it as a customs duty or contains a provision to the effect that it shall be treated as a duty imposed under the customs laws. Nothing in this section shall be construed to limit or restrict the jurisdiction of the United States Customs Court or the United States Court of Customs and Patent Appeals.

The question before the court is whether plaintiff may bring this action without complying with the requirements of section 3772 of the Internal Revenue Code, *supra*. A reading of that section and of sections 514 and 515 of the Tariff Act of 1930, *supra*, discloses that they are not compatible in that each provides for a different method of procedure for the determination of claims that duties or taxes have been erroneously assessed. Under section 3772, the taxpayer files a claim for refund with the Commissioner of Internal Revenue, the Commissioner renders a decision, and, thereafter, if the claim is disallowed, the taxpayer may bring an action for the recovery of the tax, but such action may not be begun before the expiration of 6 months from the date of filing the claim, unless the Commissioner renders a decision within that time, nor after the expiration of 2 years from the date of mailing by the Commissioner of a notice of disallowance. Under the provisions of the tariff act, on the other hand, the collector of customs liquidates the entry, assessing duties

and making exactions, the importer files a protest within 60 days thereafter, the collector reviews his decision within 90 days, and, if his original decision is affirmed, the matter is forwarded to the United States Customs Court for determination. Under this procedure, the protest serves not only as a notice of dissatisfaction to the collector but also as an appeal to this court. *United States* v. *Straus & Sons*, 5 Ct. Cust. Appls. 147, T. D. 34193; *James Akeroyd & Son* v. *United States*, 19 C. C. P. A. (Customs) 249, T. D. 45341. While a protest might be filed with the collector of customs at the same time as a claim for refund was filed with the Commissioner of Internal Revenue under section 3772, a suit for the recovery of the taxes under said section could not be commenced until the Commissioner acted or a period of 6 months expired. Under the tariff act, the proceeding is begun with the filing of the protest, and, where the protest is filed more than 60 days after liquidation, no jurisdiction is conferred upon the Customs Court. *James Akeroyd & Son* v. *United States, supra*.

Defendant's position is apparently that, as to internal revenue taxes assessed on imported merchandise, a claim must be filed with the Commissioner of Internal Revenue but that the Customs Court has jurisdiction of any subsequent proceedings. Since the Customs Court acquires jurisdiction when the procedures of the tariff act are followed, according to the Government's theory, the balance of section 3772 of the Internal Revenue Code would have to be disregarded. In other words, section 3772 (a) (1) would be taken out of its context and added to the procedure set out in the tariff act. These statutes provide two distinct methods of procedure, and there is nothing to indicate that it was the intent of Congress that a portion of one should be added to the other.

An examination of the history of these procedures supports this view. At common law, the importer had a right of action against a collector of customs to recover duties illegally exacted upon imported merchandise on the theory of an implied promise of the collector to refund money he had received as agent of the Government but which the law had not authorized him to exact. *Arnson* v. *Murphy*, 109 U. S. 238. The collector had a corresponding right to withhold from the Government the fund in dispute. In 1839, the collector's right was taken away (5 Stat. 348), and it was subsequently held that the importer's common law right of action was also taken away. *Cary* v. *Curtis*, 3 How. 236. That right was restored by the act of 1845 (5 Stat. 727), but it was also provided that no action was to be maintained against a collector, unless a protest was made in writing, at or before the payment of duties, setting forth the grounds of objection to the payment. Subsequently, it was provided by 13 Stat. 214, which became section 2931 of the Revised Statutes, that the decision

of the collector as to the rate and amount of duties on merchandise should be final and conclusive, unless the importer, within 10 days after liquidation, gave notice in writing of his objections and, within 30 days of liquidation, appealed to the Secretary of the Treasury, whose decision was final, unless suit was brought within 90 days of his decision. It was further provided:

> * * * And no suit shall be maintained in any court for the recovery of any duties alleged to have been erroneously or illegally exacted, until the decision of the Secretary of the Treasury shall have been first had on such appeal, unless said decision of the secretary shall be delayed more than ninety days from the date of such appeal in case of an entry at any port east of the Rocky Mountains, or more than five months in case of an entry west of those mountains.

Parallel with this section is chapter 184 of the laws of 1866 (14 Stat. 152), from which was derived section 3226 of the Revised Statutes, the predecessor of section 3772, *supra*. It provided as to taxes:

> SEC. 19. *And be it further enacted,* That no suit shall be maintained in any court for the recovery of any tax alleged to have been erroneously or illegally assessed or collected, until appeal shall have been duly made to the commissioner of internal revenue according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof, and a decision of said commissioner shall be had thereon, unless such suit shall be brought within six months from the time of said decision, or within six months from the time this act takes effect: *Provided,* That if said decision shall be delayed more than six months from the date of such appeal, then said suit may be brought at any time within twelve months from the date of such appeal.

That there were two methods of procedure, one for the recovery of customs duties and the other for the recovery of internal revenue taxes, is brought out in *Nichols* v. *United States*, 7 Wall. 122, which involved an action to recover an excess of duties paid on an importation of liquor, brought in the court of claims. It was held that that court had no jurisdiction, since Congress had made special provisions for the collection of the revenue and for the correction of errors. The Court stated (p. 130):

> These laws constitute a *system*, which Congress has provided for the benefit of those persons who complain of illegal assessments of taxes and illegal exactions of duties. In the administration of the tariff laws, as we have seen, the Secretary of the Treasury decides what is due on a specific importation of goods, but if the importer is dissatisfied with this decision, he can contest the question in a suit against the collector, if, before he pays the duties, he tells the officers of the law, in writing, why he objects to their payment.

> And an equal provision has been made to correct errors in the administration of the internal revenue laws. The party aggrieved can test the question of the illegality of an assessment, or collection of taxes, by suit; but he cannot do this until he has taken an appeal to the Commissioner of Internal Revenue. * * * [Italics quoted.]

See also *Arnson* v. *Murphy, supra,* and *James* v. *Hicks,* 110 U. S. 272, construing comparable but distinct statutory provisions in

regard to customs duties and internal revenue taxes, and *Snyder* v. *Marks*, 109 U. S. 189, and *Auffmordt* v. *Hedden*, 137 U. S. 310, which state that the United States has enacted a system of corrective justice, as well as a system of taxation, in both its customs and internal revenue branches.

In 1890, a new system of customs procedure, the predecessor of that existing today, was established by the Customs Administrative Act of June 10, 1890 (26 Stat. 131), but the remedy for the recovery of taxes remained an action at law against the collector of internal revenue. *Treat* v. *Farmers' Loan & Trust Co.*, 185 Fed. 760; *Sirian Lamp Co.* v. *Manning*, 123 F. 2d 776.

The two systems impinge upon one another when levies called internal revenue taxes are assessed upon imported goods. Then, the question arises as to which system applies. Prior to the enactment of section 528 of the tariff act by the Customs Administrative Act of 1938, that issue was decided in favor of the customs procedure. *United States* v. *Shallus & Co.*, 9 Ct. Cust. Appls. 168, T. D. 37999; *Faber, Coe & Gregg (Inc.)* v. *United States*, 19 C. C. P. A. (Customs) 8, T. D. 44851, certiorari denied 284 U. S. 634; *Faber, Coe & Gregg, Inc.* v. *United States*, 26 C. C. P. A. (Customs) 95, T. D. 49638.

In the *Shallus* case, imported liquor had been entered for warehouse and duty assessed under the Tariff Act of 1913. Thereafter, the war revenue act of 1917 (40 Stat. 300) took effect, and the entry was reliquidated and the additional tax assessed. A protest was filed, and the Board of General Appraisers held that it was without jurisdiction to hear cases involving an exaction of an internal revenue tax. *F. H. Shallus & Co.* v. *United States*, 35 Treas. Dec. 394, Abstract 42718. The court of appeals reversed, holding that when a tax is imposed upon an importation, while it is still in customs custody, it is a duty on imports and that the importer had a right of appeal under the tariff act.

*Faber, Coe & Gregg (Inc.)* v. *United States, supra,* involved taxes imposed on cigars and tobacco, and manufactures thereof, by section 400 of the Revenue Act of 1926. It was claimed that such taxes were subject to the Cuban preferential of 20 per centum under the Cuban Reciprocity Treaty of December 11, 1902. It was held below that the taxes were internal revenue taxes with the amount of which the collector of customs had no concern and that the case did not fall within the jurisdiction of the court. *Faber, Coe & Gregg (Inc.)* v. *United States*, 56 Treas. Dec. 639, T. D. 43740. On appeal, the Court of Customs and Patent Appeals held that the taxes were not subject to the Cuban preference but that they were duties and that the Customs Court had jurisdiction. The court said (pp. 12, 14):

Regardless of how taxes may be designated by the Congress, if they are imposed on imports while in customs custody, they are essentially customs duties and are determinable and collectible as prescribed by law. * * *

\*        \*        \*        \*        \*        \*        \*

The collector had authority to refuse delivery of the imported merchandise until the involved duties were paid and the required revenue stamps affixed to the merchandise. He is required by statute to determine the amount of those duties for the purposes hereinbefore mentioned. We are of opinion that those questions were involved in the collector's liquidation of the entries; that the importer had the right to protest against such liquidation; and that the customs court had, and, on appeal, this court has, jurisdiction to dispose of the issues raised by the importer in protest 276974–G, filed after liquidation.

The defendant contends, however, that the internal revenue taxes involved herein are not to be considered customs duties, in view of section 528 of the tariff act, as added by the Customs Administrative Act of 1938, *supra*.

The history of that section shows that it was enacted for the purpose of preventing internal revenue taxes from being construed as subject to the preferences applicable to customs duties and that it was not the intent of Congress to take away the jurisdiction of the customs courts in cases involving internal revenue laws in their application to imports. Hearings before Committee on Ways and Means of the House of Representatives, 75th Congress, 1st session, on H. R. 6738, pages 36, 112–113; Hearings before a Subcommittee of the Committee on Finance, United States Senate, 75th Congress, 3d session, on H. R. 8099, pages 15, 44–45, 79–80, 87–88, 207–210.

The history of the section was discussed at length by this court in *Westco Liquor Products Co.* v. *United States*, 24 Cust. Ct. 120, C. D. 1219, affirmed *sub nom United States* v. *Westco Liquor Products Co.*, 38 C. C. P. A. (Customs) 101, C. A. D. 446. The court stated (p. 128):

The procedure by means of which the collector of customs is directed to determine the amount of duty due the Government upon imported merchandise is the liquidation of the entry. As internal revenue taxes on imported merchandise are to be collected in accordance with the customs regulations, it follows that the tax is determined, as in the case of duties, by a liquidation of the entry. In fact, according to the customs laws, that is the only way it may be legally determined. The tax the subject of this controversy was demanded by the collector and paid under protest long after the liquidation of the entry had become final and conclusive upon all parties. It does not appear from the entry papers that any attempt was made by the collector at the port of San Francisco to reliquidate the entry within the time prescribed by law. Any liquidation made after the 60-day limit provided by statute would, of course, have been illegal and void. Therefore, inasmuch as the collector could not act within the law, he arbitrarily demanded payment of the additional internal revenue tax. An importer is entitled to know when he is free from the imposition by the collector of customs of either a duty or internal revenue tax assessment upon merchandise he legally imports. Section 1528, title 19, United States code, specifically provides that protection.

Our appellate court affirmed, stating (p. 107):

The internal revenue tax attaches at the time of importation. The tax is actually assessed by the collector in liquidating the entry. If there is no protest filed within sixty days, the liquidation becomes final and conclusive upon the parties. *Phipps* v. *United States*, 22 C. C. P. A. (Customs) 595, T. D. 47601. *The enactment of section 528 in the Customs Administrative Act of 1938 effected no change in this procedure of determining and collecting internal revenue taxes.* We concur in the holding of the Customs Court that the purpose Congress had in mind in enacting section 528 into law was to make it clear that preferences and exemptions applicable to customs duties were to have no applicability to internal revenue taxes unless Congress expressly said so. The legislative history cited by the Customs Court in its decision is persuasive to that effect. [Italics supplied.]

In connection with the collection of internal revenue taxes on imported liquors, the Secretary of the Treasury has issued the following regulation (26 C. F. R. § 191.50):

* * * Internal revenue taxes payable on imported distilled spirits, including perfumes containing distilled spirits, and on wines and fermented liquors, when entered, or withdrawn from warehouse, for consumption, are collected, accounted for, and deposited as internal revenue collections by collectors of customs in accordance with customs requirements.

According to the Customs Regulations of 1943, as amended, all entries covering imported merchandise shall be liquidated and duties and internal revenue taxes computed (sections 16.1 and 16.2). The Customs Manual of 1943, as amended, provides that entries on which internal revenue taxes are collected shall be regarded as dutiable entries, whether or not customs duties are collected thereon, and the amount of such tax shall be separately computed and stated (section 24.27).

A stipulation of facts submitted by the parties herein states that taxes upon imported distilled spirits have been refunded to importers in accordance with the liquidation or reliquidation of customs entries as follows: As to liquidations or reliquidations prior to January 1, 1954, refunds were made after the importer filed a claim with the Commissioner of Internal Revenue, based on the amount shown due by such liquidation or reliquidation, but, after January 1, 1954, refunds were made on the basis of the liquidation or reliquidation, without the filing of such claim.

Prior to January 1, 1954, the Customs Regulations of 1943, as amended, provided that where it was found, on liquidation or reliquidation, that a refund of internal revenue tax was due, a claim should be filed with the collector of internal revenue (section 24.36 (e)). Said provision was deleted as of January 1, 1954, by T. D. 53370, wherein it was stated that, in order to expedite the payment of refunds of excess deposits of internal revenue taxes collected by

collectors of customs, the Secretary of the Treasury authorized the Commissioner of Customs or an officer or employee designated by him to make such refunds and that no claims for such refunds need be filed.

It is clear that the regulations referred to refunds of excess deposits as to which there was no dispute and did not make the filing of such a claim a condition precedent to the institution of an action where there was a dispute.

From the foregoing review of the history of the pertinent statutory provisions and the administrative practice, it seems evident that whether internal revenue taxes on imported merchandise are considered customs duties or exactions, they have been treated procedurally as customs duties. It follows that section 3772 (a) (1) has no application to proceedings for the recovery of internal revenue taxes assessed on imported merchandise. The purpose of the requirement that a claim be filed with the Commissioner of Internal Revenue is to give him an opportunity to investigate and correct errors. *Carmack* v. *Scofield*, 201 F. 2d 360, 361; *Hanna Iron Ore Co.* v. *United States*, 68 F. Supp. 832, 835. Thereafter, a suit may be brought within the time limits set forth in section 3772 (a) (2). It is evident that the two subsections were intended to be read together. Were they applied to the recovery of internal revenue taxes assessed upon imported merchandise, this court would be ousted of its jurisdiction, but section 528, *supra*, expressly provides the contrary.

For the reasons stated, the Government's motion to dismiss the protest herein is denied.

It is so ordered.