BEFORE THE SECOND DIVISION, OCTOBER 21, 1955

**No. 59371.**—Fred M. Reineman Co. *v.* United States, protests 202082–K, 228135–K, and 251920–K (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of traveling irons similar in all material respects to those the subject of *Greatrex, Limited,* and *J. J. Gavin & Co., Inc.* v. *United States* (33 Cust. Ct. 79, C. D. 1639), the claim of the plaintiff was sustained.

**No. 59372.**—Fabrikant Steel Products, Inc. *v.* United States, protest 244869–K (New York).

Opinion by LAWRENCE, J. It was stipulated that the aluminum sheets, strips, and bars are articles of which nonferrous metal is the component material of chief value, other than ores, concentrates, or crude metal; that said articles were imported to be used in remanufacture by melting and that 171,910 pounds of the quantity of 308,049 pounds were so used; and that there had been compliance with the regulations of the Secretary of the Treasury pursuant to Public Law 869, *supra.* Upon the agreed statement of facts, it was held that the 171,910 pounds of aluminum sheets, strips, and bars come within the provisions of Public Law 869, *supra,* and are properly entitled to free entry.

OCTOBER 14, 1955

**No. 59373.**—Paris Leather Co. *v.* United States, protests 253301–K and 253302–K.— ▬▬▬▬▬▬▬▬—Abstract 59195. Plaintiff's application for rehearing granted.

DECISION ON MOTION TO DISMISS

BEFORE THE THIRD DIVISION

OCTOBER 20, 1955

**No. 59374.**—Bercut-Vandervoort & Co., Inc. *v.* United States, protest 192782–K (San Francisco).—

JOHNSON, Judge: The above-entitled case was submitted for decision on defendant's motion to dismiss the protest for lack of jurisdiction on the ground that

plaintiff had failed to file a claim for refund with the Commissioner of Internal Revenue, as provided in section 3772 of the Internal Revenue Code (26 U. S. C. § 3772).

The facts and circumstances are identical with those set forth in our decision on the motion to dismiss protest 192781–K (*Bercut-Vandervoort & Co., Inc.* v. *United States*, 35 Cust. Ct. 113, C. D. 1730), decided concurrently herewith. For the reasons therein given, the Government's motion to dismiss the protest herein is denied.

It is so ordered.

OCTOBER 19, 1955

**No. 59375.**—SUIT 4818.—Murray Block, Temporary Administrator for Estate of Louis S. Fryer *v*. United States.— D. 1594 affirmed July 1, 1955. C. A. D. 596.

BEFORE THE FIRST DIVISION, OCTOBER 27, 1955

**No. 59376.**—Dodwell & Co., Ltd. *v*. United States, protest 242083–K (B) (New York).

WILSON, Judge: This protest is against the collector's assessment of duty on an importation invoiced as "100 bags Gum Arabic." The merchandise in question was assessed with duty at the rate of one-half of 1 cent per pound under the provisions of paragraph 11, Tariff Act of 1930. It is claimed by the importer that the importation does not consist of gum arabic but, in fact, is gum ghatti or shiraz and should be admitted free of duty under the provisions of paragraph 1686 of the tariff act.

Paragraph 11, Tariff Act of 1930, provides as follows:

Amber and amberoid unmanufactured, not specially provided for, 50 cents per pound; synthetic gums and resins not specially provided for, 4 cents per pound and 30 per centum ad valorem; arabic or senegal, one-half of 1 cent per pound.

Paragraph 1686, under which the plaintiff claims the imported merchandise is properly classifiable, reads as follows:

Gums and resins: Damar, kauri, copal, chicle, dragon's blood, kadaya, sandarac, tragacanth, tragasol, and other natural gums, natural gum resins, and natural resins, not specially provided for.

No witnesses were actually called in court, but it was stipulated between counsel that "if Mr. W. T. Koch, technical director of the plaintiff was called," he would testify as follows:

* * * he sampled a composite sample made from a half-pound taken from each of the 10 bags of this lot on September 12, 1952 in a warehouse. The tests made were appearance—vermiform, rounded tears small in size, pale yellow to brown, with a dull surface.

Identification—USP method did not produce a white precipitate.

Other examination—Gum not entirely soluble in water—forms a very viscous solution.

Conclusion—Subject sample is not true Gum Arabic but is a species of Gum Ghatti, probably Gum Shiraz of Iran species. Comparison made with other samples of Gum Shiraz would indicate that subject sample is a type of Gum Shiraz.